ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. KNIGHT.

Opinion delivered July 22, 1905.

INSTRUCTION—WANT OF FOUNDATION.—Where there was evidence that a railway passenger was either accidentally or carelessly carried beyond his station, an instruction that the jury might allow him for humiliation that he might have undergone by such treatment was erroneous, where it was unsupported by evidence.

Appeal from Prairie Circuit Court, Southern District; GEORGE M. CHAPLINE, Judge; Reversed.

STATEMENT BY THE COURT.

This is an action by S. H. Knight against the St. Louis Southwestern Railway Company for being put off the train away from the station to which he wished to go. The facts are briefly as follows: On the 4th day of March, 1902, S. H. Knight purchased a ticket from the St. Louis Southwestern Railway Com-

pany to go from Stuttgart to Ulm, a station on the railroad of that company seven miles north of Stuttgart. He paid 21 cents for the ticket, and boarded the northbound passenger train about 3 o'clock in the afternoon. By some mistake the train did not stop at Ulm, but, so soon as Knight discovered that the train was passing the station to which he desired to go, he notified the conductor and brakeman, who stopped the train about a mile and a half north of Ulm. Knight asked the conductor to take him back to the station. The conductor refused to do so, but told him he would carry him on, and let him come back on the next train. The conductor testified that he notified Knight that the next train would bring him back to Ulm in about two hours; but Knight says that he did not do so, and that he declined to be carried to the next station for the reason that, as the time for the other train to have gone south was already past, he supposed that it had already gone, and that if he went further he would not get to Ulm until the next day. He stated that he was not in good health, and that it was raining, but that, as his horse and buggy were at Ulm waiting for him, he chose to get off the train and walk back. He testified that he got wet, and was made sick with la grippe, and suffered several days from the effect of the exposure.

The court gave the jury the following instruction on the measure of damages:

"If you find for the plaintiff, you may consider, in estimating his damages, the delay caused by being carried by his station, the time and trouble or inconvenience of walking back to the station, exposure to the weather, if you find it was bad, the injury to his health, if any, caused by such exposure, medical expense, if any caused thereby, and humiliation he might have undergone by such treatment, caused by such wrongful acts of defendant's agents in carrying him by his station."

To the giving of which exceptions were at the time saved.

The jury returned a verdict in favor of plaintiff for the sum of $150, and the court gave judgment accordingly. Defendant appealed.

*Sam H. West* and *J. C. Hawthorne,* for appellant.

Appellee could not recover for exposure, sickness or medical attention. 18 Am. & Eng. R. Cas. 254; 74 Mo. 147; 78 Mo.

610; 71 Ill. 391; 54 Ark. 431; 1 S. W. 269. The instruction upon the elements of damage was error. 6 Am. & Eng. R. Cas. 341; 5 Mo. App. 7; 1 Am. & Eng. R. Cas. 263.

*W. W. Bandy,* for appellee.

Riddick, J., (after stating the facts.) This is an appeal by the railway company from a judgment against it for $150 damages caused a passenger for carrying him a mile and a half beyond his station. It is admitted that the train overshot the station, and carried the plaintiff some distance beyond it. According to witnesses for plaintiff, he was carried a mile and a half or two miles beyond the station, while the testimony for the defendant tends to show that the distance beyond the station at which he was put off was only half a mile. The defendant does not deny that plaintiff is entitled to some damages, but contends that the court erred in instructing the jury as to the measure of the damages, and that the verdict is excessive. The court told the jury that, among elements of damages, they might allow plaintiff damages for the humiliation he might have undergone by such treatment caused by the wrongful acts of the defendant's agent in carrying him by his station." Now, the effect of this instruction is that it gave the jury the authority to allow damages to plaintiff for humiliation, if they saw proper to do so, when there was no evidence to sustain such a finding. The mere fact that a passenger is accidentally or carelessly carried by a station, while it may cause him inconvenience and annoyance, involves no reflection on or insult to him, and furnishes no reason why he should feel humiliated. But this is all that is shown here, for the employees in charge, while they may have been careless, were guilty of no rude or offensive conduct, and this instruction should not have submitted the matter of humiliation to the jury as a possible element in the case.

Counsel for appellee contends that this instruction was not erroneous because it does not assume that the appellee was humiliated, but submits that question to the jury for them to determine. But it is improper to submit a question to the jury that has no evidence to support it. The instruction does not assume that the plaintiff was humiliated, but it assumes that there were facts in

evidence tending to show that he was humiliated, and from which the jury might properly find that he was humiliated.

As before stated, there were no such facts, and, as under this instruction, the jury may have allowed a sum for the humiliation of plaintiff, and thus increased the damages, the judgment must be a reversal, and a new trial granted. It is so ordered.