BRENNER *v*. JONESBORO, LAKE CITY & EASTERN RAILROAD COM-

PANY.

Opinion delivered March 11, 1907.

DAMAGES—EXPULSION FROM RAILWAY COACH—HUMILIATION.—One who voluntarily suffers or seeks an expulsion from a railway coach in order to lay foundation for a damage suit is not entitled to recover damages for his humiliation in being so expelled.

Appeal from Craighead Circuit Court, Jonesboro District; *Allen Hughes,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant endeavored to purchase a ticket from appellee's station agent at Manilla to Leachville, another station on appellee's road. The agent did not have the printed tickets, and did not have time to fill one out, so appellant through the negligence of appellee was unable to procure a ticket. The rules of the company require passengers without ticket to pay five

cents per mile. The conductor, upon the failure of appellant to produce ticket, demanded of appellant the extra fare. Appellant refused to pay more than the regular fare for those having tickets. The conductor then ejected appellant from the train at a point that was not a regular stopping place or station. Appellee's conductor used no more force than was necessary to accomplish the expulsion. The expulsion was unattended with insults or indignities. The appellant, after testifying to the facts which caused the expulsion and the circumstances attending it, said that it was his purpose at the time the conductor refused to permit him to ride for twenty-five cents (the fare for those having tickets) to bring suit against the company. He said that he "was perfectly willing to get off the train, and that it was his intention to do so, after the conductor refused to take the twenty-five cents fare. He was going to be put off, so that he might bring suit against the company for the benefit of the people who were members of the Drummers' Association," to which he belonged. The above are the facts developed by the pleadings and proof.

The court instructed the jury as follows:

"Gentlemen of the jury, the plaintiff is entitled to recover in this case his actual damages, and you will assess his damages at what you believe from the evidence will compensate him for his actual damages and nothing more.

"2. In assessing damages you can not take into consideration any humiliation to plaintiff by reason of his wrongful ejection from the train."

Appellant objected and excepted to the ruling. The jury returned a verdict for $25. Motion for new trial, reserving exceptions, was overruled. Judgment was entered for the amount of the verdict, and this appeal was taken.

*F. G. Taylor*, for appellant.

Appellant contends that he is entitled to recover more than compensatory damages. It is admitted by appellee that appellant was wrongfully ejected from the train. The proof shows that appellee's regular ticket rate was 3 1-2 cents per mile, and that on the train it was 5 cents per mile, both illegal. Kirby's Digest, §

6611. Moreover it had no right to charge more to passengers who failed to buy tickets than to those who did buy tickets. *Id.* § 6613. The court erred in instructing the jury that in assessing damages no humiliation to plaintiff by reason of his wrongful ejection could be considered. 5 Wash. 621, 32 Pac. 468; 6 Cyc. 566; 95 S. W. 788.

*E. F. Brown* and *W. J. Driver*, for appellee.

No issue was made in the lower court as to whether appellee violated the statute in charging a higher rate to plaintiff by reason of his failure to procure a ticket than it otherwise would have done.

By his own testimony appellant is not entitled to punitive damages. Not only was he unable to state a single word on the part of the conductor that would tend to humiliate him, but his purpose in refusing to pay fare at the time he was ejected, as appears from his testimony, was to "bring suit against the railroad for the benefit of two hundred and fifty thousand people, who were members of the Drummers' Association," and of which he was a member. 54 Ark. 354. No rudeness or violence is shown, and, the proof failing to show that he was wantonly or maliciously ejected, he is not entitled to exemplary damages. 64 Md. 63; 77 Ark. 22.

WOOD, J., (after stating the facts.) The court was correct in not allowing the jury to consider the question of appellant's alleged humiliation in assessing the damage. Ordinarily, "the sense of wrong suffered and the feeling of humiliation and disgrace" resultant from an illegal expulsion from a train in the presence of passengers is a proper element in measuring the actual damages to the injured party. 6 Cyc. 566. *Wilson* v. *Northern Pac. R. Co.*, 5 Wash. 621, 32 Pac. Rep. 468. But this doctrine can have no application to a case where the passenger voluntarily suffers or seeks the expulsion in order to lay the foundation for a damage suit. The maxim *"volenti non fit injuria"* applies in such cases. Under the proof, it applies here. Appellant are not only willing to be expelled after the conductor refused to accept the fare he offered, but he actually desired the ejection, in order to enable him to bring suit. Humiliation is

incompatible with such mental status. *Railway Company* v. *Trimble*, 54 Ark. 354. See also *St. Louis Southwestern Ry. Co.* v. *Knight*, 77 Ark. 20.

Judgment affirmed.