St. Louis Southwestern Railway Company *v.* Hammett.

Opinion delivered March 27, 1911.

1.   Carriers—Rule as to purchase of ticket.—Kirby's Digest, § 6613, providing that "all passengers who may fail to procure regular fare tickets shall be transported over all railroads in this State at the same rate and price charged for such tickets for the same service," does not prohibit a carrier from enforcing reasonable rules refusing to permit persons without tickets to enter passenger trains. (Page 420.)

2.   Same—Rule must be reasonable.—Where no opportunity is given to comply with a carrier's rule requiring the purchase of tickets before entering its trains, one may become a passenger without having purchased a ticket; and when he is refused admittance to the train or is ejected from the train under such circumstances, the company is liable for the damages which result. (Page 420.)

3.   Damages—Eviction of railway passenger—humiliation.—The sense of wrong and humiliation suffered from an illegal expulsion of a passenger from a train is a proper element of damages. (Page 420.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1.   Plaintiff was never a passenger on the train within the rule established by law. The relation of passenger and carrier is contractual, and there must be an offer and acceptance as a passenger. The failure to procure a ticket did not warrant an attempt to force himself upon the train in the face of the advice of the conductor. 21 Ark. 164. A verdict should have been directed for defendant. 132 Mass. 116; 43 Ill. 176.

2.    One cannot enter a train with the expectation that 'he would be put off and then recover for wounded feelings. 82 Ark. 128. Nor, where a passenger is accidentally or carelessly carried beyond his destination, can one recover for humiliation. 77 Ark 20.

3.    Mental suffering alone unaccompanied by physical injury does not warrant a recovery, even where the act of violation of duty is wilful. 84 Ark. 42; 70 Ark. 136; 67 Ark. 123.

*Huddleston & Taylor,* for appellee.

1.    Those who hold themselves out as carriers of passengers are bound to reecive and carry all who offer themselves as such. 2 Hutchinson on Car. (3 ed.), § 963.

2.    89 Ark. 188, is conclusive of this case as to damages for mental suffering.

3.    The damages are not excessive. Humiliation and sense of wrong suffered, in the presence of strangers, by an illegal expulsion from a train is a proper element of damage. 82 Ark. 130; 6 Cyc. 566; 5 Wash. 621; 32 Pac. 468.

McCulloch, C. J.    The plaintiff was ejected from one of defendant's passenger trains just as he boarded it at Marmaduke, Arkansas, and he sues for the damages alleged to have been sustained by reason of such ejection. The trial jury assessed damages in the sum of $100, and defendant appealed.

Plaintiff went to the railroad station at Marmaduke for the purpose of taking passage on the train to Paragould. He reached the station about ten minutes before the train was due, but as the agent was not there he could not purchase a ticket. The agent returned just as the train arrived. He had been over to the postoffice to get the mail sack, and when he reached the station he went to the baggage car for the purpose of loading the mail and express, without going to the station. Plaintiff attempted to board the train, but the conductor required him to show a ticket. He asked the conductor to hold the train until he could get a ticket, which the conductor agreed to do. He went to the ticket window, and the agent ran to the office for the purpose of selling him a ticket, but before this could be done the conductor gave the start signal and the train moved. Plaintiff, with his money in his hand, ran up and caught the moving

train and succeeded in getting on the steps or platform, when the conductor forcibly ejected him. The conductor spoke to him in an angry tone of voice, saying, "Get out of here!" and caught him by the arm, turned him around, and shoved him off the train. He was compelled, in order to get to Paragould that day, to go in a private conveyance a distance of twelve miles. These are the facts of the case which the jury found to have existed.

A statute of this State provides that "all passengers who may fail to procure regular fare tickets shall be transported over all railroads in this State at the same rate and price charged for such tickets for the same service." Kirby's Dig. § 6613. We have held that this statute does not prohibit a carrier from enforcing reasonable rules refusing to permit persons, without tickets, to enter passenger trains. *St. Louis & S. F. Rd. Co.* v. *Blythe,* 94 Ark. 153.

But such rules must be reasonable, and a railroad company can not enforce a rule of that kind without giving passengers reasonable opportunity to procure tickets, otherwise the statute would have to be altogether ignored.

"The purchase of a ticket is not a prerequisite to the relationship of passenger and carrier under our statute." *St. Louis & S. F. Rd. Co.* v. *Kilpatrick,* 67 Ark. 47.

One who has no opportunity to comply with rules requiring the purchase of a ticket cannot be said to have violated such rules, and cannot be denied the right to ride on that ground. Where no such opportunity is given, one may become a passenger without having purchased a ticket; and when he is refused admittance to the train or is ejected from the train under such circumstances, the company is liable for the damages which result.

The court correctly submitted to the jury the question whether or not plaintiff had been given an opportunity to purchase a ticket.

The sense of wrong and humiliation suffered from an illegal expulsion from a train is a proper element of damages. *Brenner* v. *Jonesboro, L. C. & E. Rd. Co.,* 82 Ark. 128; *Chicago, R. I. & P. Ry. Co.* v. *Moss,* 89 Ark. 188; *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 93 Ark. 35.

The assessment of damages was not excessive.

Affirmed.