CHARLES A. GREEN, Respondent, v. UNITED RAIL-WAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Opinion Filed November 6, 1918.

1. **STREET RAILROADS: Carriage of Passengers: Duty to Pay Fare: Tender of Fare Must be Unconditional.** A person boarding a street car has no right to remain upon the car without paying his fare or unconditionally tendering it.

2. ————: ————: **Refusal to Pay Fare: Ejectment from Car: Right to Use Necessary Force.** And when the fare is not paid or unconditionally tendered, such person has no cause of action as for a wrongful ejection from the car, provided no more force than was necessary was used in ejecting him, for the reason that he did not, on his part, accept the contract of carriage tendered him and perform the obligation resting upon him as the other party thereto.

3. ————: ————: **Payment of Fare: Right to Transfer.** However, had he paid his fare and had the conductor of the street car then refused to issue the transfer he would have had his remedy.

4. ————: ————: **Refusal to Pay Fare: Duty to Leave Car.** But if he chose not to pay his fare, under the circumstances, then it was his duty to leave the car at the first opportunity, i. e., when the car had been stopped at a safe place for him to alight, and seek other means of redress if he so desired; he was not entitled to continue to ride upon the street car without paying his fare.

5. ————: ————: **Duty to Pay Fare: Conditional Tender: Ejectment from Car.** Where a person on a street car conditioned his tender of fare on the issuance of a transfer to which he was entitled, the fact that the conductor refused to issue the transfer in any event, so that unconditional tender of fare would have been unavailing, as to obtaining the transfer, did not prevent the street railroad from justifying his ejection for failure to pay fare or unconditionally tender the same.

6. ————: ————: ————: **Ejectment from Car: Unnecessary Force.** In such case though the street railroad was entitled to eject plaintiff who refused to pay fare or tender it unconditionally, if unnecessary force was used whereby plaintiff was injured, the street railroad is liable to respond in damages therefor.

7. ————: ————: ————: ————: ————: **Question for the Jury.** In an action against a street railroad for wrongful ejection from a car, though the conductor had the right to eject because plaintiff did not pay fare or unconditionally tender it, plaintiff was entitled to go to jury on the issue that unnecessary force was used.

8. ————: ————: **Ejection from Car: Cannot Recover for Humiliation.** Where plaintiff invited ejection from a street car in order to test his right to obtain a transfer, no recovery may be had for humiliation or disgrace by reason of being ejected in the presence of passengers or others.

9. ————: ————: ————: **Unnecessary Force: Punitive Damages.** Plaintiff, who invited ejection from the street car which he had boarded to test rights in the matter of transfers, if ejected with unnecessary force on refusing to pay fare or make an unconditional tender thereof, is entitled to recover compensatory damages for his actual physical injuries, and likewise punitive damages in the discretion of the jury.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED.

*T. E. Francis, George T. Priest* and *Chauncey H. Clarke* for appellant.

(1) The court erred in refusing to give the instruction in the nature of a demurrer to the evidence requested by defendant. Plaintiff did not become a passenger for the reason that he did not accept the contract of carriage tendered by defendant. His tender of fare was not good because it was not unconditional. Even if he had the right to demand a transfer entitling him to ride on more than one line, such right would not accrue until after he had paid his fare. And, therefore, when he refused to pay, and failed to unconditionally tender, the fare, he did not have the right to remain on the car, and the conductor was justified in ejecting him. Rossman v. Georgia Ry. & Power Co. (Ga.), 91 S. E. 90, L. R. A. 1917, C 483; Cave v. Seaboard Airline Ry., 94 S. C. 282, 284, 77 S. E. 1017, 54 L. R. A. (N. S.) 915; L. & N. Railroad v. Cottengim, 31 Ky. L. Rep. 871, 104 S. W. 280; St. L. I. M. & S. Ry. v. Leigh, 45 Ark. 368, 55 Am. Rep. 558; Rahilly v. St. Paul, etc., Railroad, 66 Minn. 153, 68 N. W. 853; Flood v. Chesapeake, etc., Railroad, 25 Ky. Law Rep. 2135, 80 S. W. 184; Louisville Ry. v. Hutti, 141 Ky. 511, 133 S. W. 200; Schular v. Railroad, 92 Mo. 339; Sections 3093, 3214, R. S. 1909; Davis v. Kansas City, etc., Railroad, 53 Mo. 317, 320. (2) Plaintiff's instruction No..1 is erroneous, in that it allows a recovery by plaintiff on the theory that he had a legal right to remain on the car and that his ejection was unlawful, when, by reason of his failure to pay, or make an unconditional tender of, the fare, he was not entitled to remain on the car and his ejection was, therefore, justified and lawful. Authorities cited under Point 1. (3) Plaintiff's instruction No. 3, defining the measure of damages is erroneous, for the reason

200 M. A.—20

that it permitted an award of damages for humiliation, notwithstanding plaintiff testified he boarded the car with the expectation of being ejected, which, in law, deprived him of the right to recover for humiliation. "To the willing mind there is no injury." Brenner v. Jonesboro, etc., Railroad, 82 Ark. 128, 130, 100 S. W. 893, 9 L. R. A. (N. S.) 1060; Cincinnati, etc., Railroad v. Cole, 29 Ohio St. 126, 134; Mitchell v. United Rys. Co., 125 Mo. App. 1. (4) Plaintiff's instruction No. 3, defining the measure of damages, is erroneous, for the reason that it allowed a recovery for exemplary or punitive damages, notwithstanding plaintiff had no right to remain on the car and his ejection was, therefore, lawful. Authorities cited under Point 1. (5) Plaintiff's instruction No. 3, defining the measure of damages is erroneous, in allowing a recovery for exemplary or punitive damages, for the further reason that plaintiff's act in voluntarily seeking the expulsion in order to lay the foundation for a damage suit, deprived him of the right to recover, even if it were true that his ejection was unlawful. The maxim *"volenti non fit injuria"* applies under such circumstances. Brenner v. Jonesboro, etc., Railroad, 82 Ark. 128, 130, 100 S. W. 893, 9 L. R. A. (N. S.) 1060; Cincinnati, etc., Railroad v. Cole, 29 Ohio St. 126, 134; Murphy v. Railroad, 23 Fed. 637; Mitchell v. United Rys. Co., 125 Mo. App. 1. (6) The court erred in refusing to give instruction B, requested by defendant, directing a verdict for defendant on the issue of punitive damages, for the reason that plaintiff had no right to remain on the car and his ejection was, therefore, not unlawful; and for the further reason that plaintiff's act in voluntarily seeking the expulsion in order to lay the foundation for a damage suit, deprived him of the right to recover, even if it were true that the ejectment was unlawful, in that the maxim *"volenti non fit injuria"* is applicable. Authorities cited under points 1 and 5. (7) The court erred in refusing to give instruction C, requested by defendant, directing the jury not to allow plaintiff any

damages for the alleged injury to his back, for the reason that there was no evidence that plaintiff, from the ejection, received any injury to his back. Steele v. Kansas City, etc., Railway, 265 Mo. 97, 117. (8) The verdict for punitive damages, namely, five hundred dollars, was grossly excessive, and bore no reasonable proportion to the actual damage sustained. This verdict indicated on the part of the jury passion, prejudice and improper motive. Summers v. Keller, 152 Mo. App. 626, 636; Buford v. Hopewell, 140 Ky. 666, 131 S. W. 502, 503; Saunders v. Mullen, 66 Ia. 728, 24 N. W. 529; Texas Land & Cattle Co. v. Nations (Texas), 63 S. W. 915, 916.

*Sheridan Webster* and *Safford & Marsalek* for respondent.

(1) The court rightfully overruled defendant's demurrer to the evidence. (a) The ordinance introduced in evidence, and the acceptance thereof by defendant, defined the terms of a contract, which became complete and continued when and as long as plaintiff tendered the required amount of fare. Lapsley v. Howard, 119 Mo. 489; American Pub. Co. v. Walker, 87 Mo. App. 503; Boling v. Railroad, 189 Mo. 219, 231; Cornell v. Railroad, 143 Mo. App. 598, 602; Cook v. Kerr, 192 S. W. 466; McNeill v. Railroad, 135 N. C. 682, 47 S. E. 765, 67 L. R. A. 227; Chicago Union Traction Co. v. Brethauer, 125 Ill. App. 204, 212; affd. 223 Ill. 521, 79 N. E. 287. (b) Plaintiff's tender of his fare was valid. There was in no sense a controversy as to whether the conductor should issue the necessary transfer before or after the payment of the fare; the controversy was over the question whether the conductor would issue the required transfer at all. Plaintiff never refused to pay his fare; he accompanied his tender with a demand that the defendant do what it was by its contract legally bound to do; which the defendant refused. Plaintiff's right to receive the requested transfer is not now controverted by defendant; his right to stand on his demand therefor is well recog-

nized by law. Holt v. Railroad, 87 Mo. App. 215; Ferguson v. Railroad, 144 Mo. App. 269; State v. Thompson, 20 N. H. 250; Hardenbergh v. Railroad, 39 Minn. 3, 38 N. W. 625, 12 Am. St. Rep. 610; Arnold v. Rhode Island Co., 28 R. I. 118, 163; 66 Atl. 60; Traction Co. v. Fitzpatrick, 43 So. 139, 9 L. R. A. (N. S.) 581; Billinger v. S. S. Co., 158 Fed. Rep. 511; Fishburn v. Same, Id.; Northern R. R. Co. v. Page, 22 Barb. (N. Y.) 130; Sloane v. Railroad, 111 Cal. 668, 44 Pac. 320, 32 L. R. A. 193; Sawyer v. Railroad, 171 N. C. 13, 86 S. E. 166. (c) Defendant at the time having refused plaintiff's tender on the specific ground that plaintiff was not entitled to the transfer requested by him, it thereby waived the objection it now urges to the tender, to-wit, that the payment of fare should precede, in time, the issuance of the transfer. Lucy v. Davis, 163 Cal. 611, 126 Pac. 490; Gould v. Banks, 8 Wend. (N. Y.) 562, 24 Am. Dec. 90; Universal, etc., Co. v. Brown, 9 N. Y. St. 91; Bell v. Ballance, 12 N. C. 391. (d) No question as to the validity of plaintiff's tender of his fare can affect his rights in this case, because of defendant's unqualified refusal to perform its part of the contract. Deichmann v. Deichmann, 49 Mo. 107; Whelen v. Reilly, 61 Mo. 565; Wayland v. Indemnity Co., 166 Mo. App. 221, 233; McDonald v. Wolf, 40 Mo. App. 302, 308; Harwood v. Diemer, 41 Mo. App. 48, 51; McManus v. Gregory, 16 Mo. App. 375, 382; aff. 94 Mo. 370; Southern Kansas R. Co. v. Wallace (Tex. Civ. App.), 152 S. W. 873. (2) Plaintiff's instruction No. 1 was proper. The alleged condition accompanying tender was no more than an affirmative acceptance of defendant's offer, expressed in the ordinance and defendant's acceptance thereof. The contract of carriage was thereupon complete, and plaintiff had a right to remain on the car as a passenger. Authorities under Point 1, a, b, c and d. (3) There was no error in giving plaintiff's instruction No. 3. Plaintiff did not board the car with the expectation of being ejected, but with the intent, and means, of paying his fare and being transported to his destination. He did not seek to make

a "test case," but lawfully insisted that the defendant accord him his rights. His ejection was against his will and desire. Under these circumstances he had a clear legal right to recover for the humiliation to which he was subjected, and the instruction submitting that element of damages was proper. Morris v. Railroad, 184 Mo. App. 65, 75; Harless v. Railway, 123 Mo. App. 28. (4) Plaintiff's ejection was unlawful and intentional, and therefore the court's action, in authorizing the jury, by instruction No. 3, to assess punitive damages was proper. Authorities under Points 1 and 3. (5) Plaintiff did not voluntarily seek to be ejected from the car, but intended, in good faith, to pay his fare and become a passenger. His ejection was "in invitum," and entitled him to maintain his action for damages, both actual and punitive. Holt v. Railroad, 87 Mo. App. 215; Arnold v. Railroad, 28 R. I. 118, 66 Atl. 60. (6) The court rightfully refused defendant's intruction B, directing a verdict for defendant on the issue of punitive damages, for the reasons expressed in Points 3, 4 and 5. Authorities under Points 3, 4 and 5. (7) (a) Plaintiff's testimony, that his back was wrenched by his violent expulsion from the car, justified the court in refusing defendant's Instruction C, cautioning the jury against awarding damages for said injury. (8) The allowing of punitive damages and the amount thereof is left to the discretion of the jury, and the nature of the act and defendant's ability to pay are matters they are entitled to consider. The purpose of such damages is to punish the defendant and warn the community. In view of the evidence, the award of punitive damages was reasonable and proper. McNamara v. Transit Co., 182 Mo. 676, and cases cited.

ALLEN, J.—This is an action whereby plaintiff seeks to recover damages, compensatory and punitive, because of the alleged wrongful act of defendant's servant in ejecting him from one of defendant's street cars in the city of St. Louis. The trial below resulted in a verdict and judgment for plaintiff in the sum of

$50 compensatory and $500 punitive damages; and the case is here on defendant's appeal.

The petition alleges that defendant street railway company was originally incorporated under the name "Central Traction Company of St. Louis" and thereafter lawfully changed its name to "United Railways Company of St. Louis," and that defendant, before thus changing its name, for a valuable consideration, contracted and agreed with the city of St. Louis "that transfers should be given so as to transport passengers, by continuous trip, from any point on defendant's system of street cars in the city of St. Louis to any other point on defendant's street car lines in said city." And it is alleged that on June 13, 1913, plaintiff boarded a "south-bound Union Avenue street car" operated by defendant, at the intersection of Florissant and Robin Avenues in said city, "for the purpose of paying defendant the lawful and customary fare and in consideration thereof being transported by defendant as a passenger on said car and other cars of defendant to the intersection of Grand Avenue and Hebert Street," a point on defendant's street railway system in said city; that plaintiff boarded the car and tendered to defendant's conductor in charge thereof the lawful and customary fare and requested defendant's conductor to give him a transfer that would enable him, without the payment of additional fare, to be transported continuously to Grand Avenue and Hebert Street, but that defendant, through its said conductor, in violation of the contract referred to in the petition, refused to give plaintiff such transfer, and thereupon "unlawfully, intentionally, maliciously, without any just cause or reasonable excuse, violently and wrongfully ejected plaintiff from said car, used unnecessary force, and thereby bruised and strained plaintiff's elbows, back and knees, and greatly humiliated plaintiff, to his damage in the sum of $1000. Judgment is prayed for $1000 compensatory and $10,000 punitive damages.

The answer is a general denial coupled with a plea to the effect that whatever injuries plaintiff sus-

tained were caused by his refusal to pay his fare, as a
result of which he was ejected from defendant's car;
and it is averred that defendant's employee who ejected
plaintiff used only such force as was absolutely necessary
under the circumstances.

The evidence shows that plaintiff boarded one of
defendant's street cars on its Union Avenue line, at the
point mentioned in the petition, to-wit, the intersection
of Florissant and Robin Avenues. Plaintiff's ultimate
destination was Grand Avenue and Hebert Street in
said city, and he desired to be transported to that point
over three of the connecting lines of defendant's system,
viz., the Union Avenue, the Bellefontaine, and the Grand
Avenue lines, and insisted upon the right to be so trans-
ported for one fare and to receive from the conductor in
charge of the car on the Union Avenue line a transfer
entitling him to ride on both of the other lines mentioned.
It appears that plaintiff was at the time a member of
a certain organization or league which was seeking to
compel the defendant to issue to its patrons, upon re-
quest therefor, transfers of the character mentioned;
that he customarily rode upon these three of defendant's
car lines, in the order mentioned, in going to his work,
and had repeatedly demanded such transfers. He had
had various controversies with defendant's conductors
on the Union Avenue line regarding the matter, and had
upon many occasions been permitted to ride upon these
cars without paying his fare, paying upon the Belle-
fontaine line and receiving a transfer to the Grand
Avenue line. According to his own testimony he had
thus ridden, without paying his fare upon the Union
Avenue cars, for about seventy-five days.

Upon the day mentioned, plaintiff, according to
his testimony, got upon the rear platform of defend-
ant's car, and when the conductor asked him for his
fare he held up in his right hand a half dollar and
in his left hand a card containing these words: ''Trans-
fers shall be issued so as to transport passenger by
continuous trip from one point on the system to any
other point on the system for a fare of five cents,'' and

said: "Here is the law and here is my fare. If you obey the law I will pay my fare, otherwise I will not pay it. Can you give me the transfer I want?" He says that he demanded a transfer "to get on the Grand Avenue car," but that the conductor refused to give him any transfer other than one entitling him to ride upon the Bellefontaine line; and that upon his continued insistence that he would not pay his fare unless he received the transfer demanded, the conductor, saying that "he was getting tired of this monkey business," stopped the car, and siezing him by the lapel of his coat jerked him violently and threw him off the car. According to plaintiff's testimony he told the conductor that he would offer no violence; and that he did not resist the conductor in any way; but that the latter nevertheless hurled him violently from the car causing him to fall into a ditch whereby one wrist was sprained, and, as he claims, his back was wrenched. The testimony of the witnesses for plaintiff tends to corroborate him in respect to the manner in which he was ejected from the car. On the other hand defendant's evidence tends to show that no more force was used than necessary in ejecting plaintiff; that the conductor merely took plaintiff by the arm and "walked him off," and that he did not fall.

The refusal by the trial court of an instruction in the nature of a demurrer to the evidence offered by defendant is assigned as error. The argument in support of this assignment of error proceeds upon the theory that, under the circumstances shown in evidence, defendant was lawfully entitled to eject plaintiff from its car, as for a wrongful refusal to pay his fare or unconditionally tender the same. A careful consideration of the matter has led us to the conclusion that while this assignment of error cannot be sustained—because of the evidence as to the use of unnecessary force in ejecting plaintiff—appellant is correct in its contention that plaintiff had no right to remain upon the car without paying his fare or unconditionally tendering it. We assume that plaintiff, had he paid

his fare, would have had the right to demand a transfer entitling him to ride over the other two street car lines mentioned, to his ultimate destination. This may be said to be tacitly conceded here by defendant's counsel, though the question as to defendant's legal duty in the premises was in dispute below. Nevertheless it quite clearly appears, we think, that under the circumstances of this case, plaintiff has no cause of action as for a wrongful ejection from the car, provided no more force than necessary was used in ejecting him. This is for the reason that the plaintiff did not, on his part, accept the contract of carriage tendered him by defendant and perform the obligation resting upon him as the other party thereto. Though entitled to receive the transfer demanded, when that was refused he was not entitled to remain upon the car and continue to utilize defendant's transportation facilities without paying his fare. He refused to make such payment; his conditional offer to pay not being a good tender. He had no right to ride at all upon defendant's car without paying fare therefor. Had he paid his fare, and had defendant's conductor then refused to issue the transfer in question, plaintiff would have had his remedy. But if he chose not to pay his fare, under the circumstances, then it was his duty to leave the car at the first opportunity, i. e. when the car had been stopped at a safe place for him to alight, and seek other means of redress if he so desired. He was not entitled to continue to ride upon the Union Avenue line without paying any fare.

In a case here closely in point, viz., Louisville Railroad Co. v. Hutti, 141 Ky. 511, 133 S. W. 200, 33 L. R. A. (N. S.) 867, the Court said:

"The ground of complaint on this appeal is the refusal of the trial court to grant appellant's motion for peremptory instruction. The propriety of the ruling depends on the nature of the contract to carry the passenger and the rights of the parties upon its breach. It may be assumed that appellee was entitled to a transfer, under his contract, entitling him to con-

tinue his journey upon the Oak street car, provided the contract was consummated. But before he was entitled either to continue his passage on the Fourth street car, or to transfer to the Oak street car, he must first have paid or tendered the necessary fare, which was 5 cents. He did not pay it. He tendered it, but tendered it conditionally; and from what he then said, and from his conduct as well, it is inferable that, unless the conductor had complied with his demand to deliver simultaneously the transfer ticket, he would not have paid the fare tendered. In this appellee misconceived his right. It was his duty to pay his fare, or to tender it, without condition. If thereupon the conductor refused to allow him to proceed upon the car, and ejected him, he had his demand for damages. Or if the conductor should have received his fare, and have allowed him to remain on the Fourth street car, but failed to give him in time a transfer ticket entitling him to continue his journey on the Oak street car, he was entitled to his damages, which would be the sum which he might have been compelled to pay on the Oak street car in order to complete his passage. But, though the conductor wrongfully intended not to issue appellee a transfer slip, that did not entitle appellee to ride on the Fourth street car without paying the fare. The conductor had the right to demand the payment of the fare before either allowing appellee to continue upon the car or issuing a transfer slip. The contract began only upon the payment or tender of the consideration. The acts could not well be simultaneous—at least, are not required to be. One must precede, and that is payment. Possibly a more courteous and patient treatment and explanation by the conductor might have averted the trouble. But, whether so or not, the conductor was within his legal rights in demanding the payment of the fare first, and refusing a conditional tender of it. When appellee refused either to pay or tender the fare unconditionally, he had not the right to remain on the car. He had not the right to ride there without paying the fare. When requested

to leave the car after it stopped for that purpose, he was in the wrong in failing to do so; and it was lawful for the conductor to eject him, using no more force than was reasonably necessary for that purpose.''

In this connection see also: Davis v. Railroad, 53 Mo. 317; Cave v. Railway, 94 S. C. 282, 54 L. R. A. (N. S.) 915; Rossman v. Railway & Power Co. (Ga.), L. R. A. 1917 C. 483; Rahilly v. Railroad, 66 Minn. 153; St. Louis, etc., R. R. Co. v. Leigh, 45 Ark. 368; Kirk v. Electric Co., 58 Wash. 283, 31 L. R. A. (N. S.) 991; 4 R. C. L., p. 1104, sec. 555.

In Davis v. Railroad, supra, plaintiff refused to give up his railway ticket until such time as he was provided with a seat. He later obtained a seat but refused to surrender his ticket or pay full fare for the entire journey, and was ejected from the train. It was held that the ejection was lawful; that if there was a noncompliance by the carrier with any of the terms of the contract of carriage in any essential particular, and plaintiff was unwilling to accept the company's part performance thereof, it was his duty to abandon the contract and quit the train as soon as a suitable opportunity was afforded; that he would not be permitted ''to grasp that contract's benefits with one hand while he shirks and repudiates its burdens and liabilities on the other.''

For respondent it is argued, among other things, that since the evidence shows that the conductor refused to issue the transfer in any event, a tender would have been unavailing, and hence defendant cannot justify the ejection upon the theory that an unconditional tender was not made. The doctrine thus sought to be invoked has, we think, no application to the facts of this case. The argument might be sound enough were we merely passing upon plaintiff's right to receive the transfer demanded; but we are here concerned with the question as to whether defendant was lawfully entitled to eject plaintiff from the car under the circumstances. And for the reasons stated above we think that the ejection was lawful if no unnecessary force was used.

But though defendant was entitled to eject plaintiff, if unnecessary force was used in so doing whereby plaintiff was injured defendant is liable to respond in damages therefor. Plaintiff alleges in his petition that unnecessary force was used, and his evidence tends to support this allegation and to show that he received at least some injury. He was entitled to go to the jury upon this issue, but the instruction given at his instance on the measure of damages is erroneous in allowing a recovery not only for his alleged injuries but for humiliation. According to plaintiff's own evidence he invited ejection from defendant's car. He went thereupon, armed with the "law," to demand what he conceived to be his rights, for the purpose of either obtaining the desired transfer or compelling defendant to put him off the car. His testimony shows clearly that it was his purpose to make the conductor lay hands upon him and eject him from the car in order to lay the foundation for this action. Under such circumstances no recovery may be had for humilation or disgrace by reason of being ejected in the presence of passengers or others. [See Brenner v. Jonesboro, etc., R. R. Co., 82 Ark. 128, 100 S. W. 893, 9 L. R. A. (N. S.) 1060.]

It is argued by appellant that plaintiff is likewise entitled to recover no punitive damages in the case, because of the fact that he thus invited ejection from the car. This we think does not follow. The decision of this court in Mitchell v. Railways Co., 125 Mo. App. 1, 102 S. W. 661, cited by appellant, is not, we think, here in point. From what we have said above it follows that plaintiff is not entitled to punitive damages by reason merely of having been ejected from the car. For mere ejection without the use of unnecessary force he can recover neither actual nor punitive damages. However, if, upon a new trial, the jury find the facts in his favor respecting the use of unnecessary force, plaintiff is entitled to recover compensatory damages for his actual physical injuries, if any, and likewise punitive damages in the discretion of the jury. Such unnecessary force, if any, would amount to an un-

OCTOBER TERM, 1918. 317

Am. Auto. Ins. Co. v. United Rys. Co. of St. Louis.

warranted assault, justifying the assessment of punitive damages, should the jury see fit to award the same, as for the doing of a wrongful act without just cause or excuse.

The judgment will accordingly be reversed and the cause remanded for a new trial in accordance with the views expressed above. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.

