Texas & Pacific Railway Company v. W. F. Parker.

Texas & Pacific Railway Company v. W. A. Cope.

Decided March 22, 1902.

**1.—False Imprisonment—Railroad Agent.**

Plaintiff rode on a freight train with permission of a brakeman to whom he paid part fare, and upon reaching a station at night and while it was raining, the depot being closed, he entered a box car of defendant, and the dispatcher, seeing him asleep there, and acting under general instructions from the agent, locked the door and informed the agent, who reported to the sheriff that he had a vagrant, and caused his arrest and imprisonment without a warrant, though he was not in fact a vagrant. Held, that the detention and imprisonment in the box car was unlawful, since plaintiff's presence there, though wrongful, did not justify force in restraining him of his liberty.

**2.—Same—Tort—Scope of Agent's Authority.**

Since the agent had charge of the car and it was his duty to protect it from trespassers, his action in detaining plaintiff therein and having him arrested and imprisoned was within the scope of his employment, and the fact that, in exercising such authority, he committed a tort, did not relieve the railway company of liability for the wrongful act.

**3.—Same—Irrelevant Evidence—Charge.**

In an action by plaintiff for false imprisonment wherein no punitory damages were claimed, the court properly charged the jury not to consider evidence as to whether or not plaintiff rightfully or wrongfully entered the box car, or had been guilty of unlawfully riding upon a train, since this could not affect his right to recover the actual damages sustained.

**4.—Same—Liability Not Affected.**

That the agent made no specific charge against plaintiff, and that the officer, after the arrest, made the charge on which he detained him one of unlawfully riding on a freight train, did not relieve the railway company of liability.

**5.—Same—Conviction No Bar to Damages.**

Plaintiff's plea of guilty to the charge of unlawfully riding on a freight

train, entered in the justice court in order to secure his release from imprisonment, was no bar to his recovery of the damages that accrued up to the time of such release and while he was being held without any warrant ever having been .issued for his arrest.

Appeal from Red River.   Tried below before Hon. Ben H. Denton.

*T. J. Freeman* and *Head & Dillard,* for appellant.

*W. S. Thomas* and *Doak & Kennedy,* for appellees.

RAINEY, Chief Justice.—These are companion cases, and the facts and principles of law hereinafter stated are applicable to both.   The appeals are from judgments rendered in favor of appellees against appellant for false imprisonment.

On the night of May 21, 1900, appellee Cope and one W. F. Parker boarded a freight train of appellant at Texarkana desiring to go to their home in Detroit, Texas, and with the permission of the brakeman—paying him 50 cents each—they rode to Clarksville, arriving there about 4 o'clock a. m. next morning, 22d.   They alighted from the train, and the depot being closed, they entered a box car standing on appellant's track, as it was raining, and they had some musical instruments they did not want to get wet.   When they entered the car they closed the door.   About half-past 7 o'clock Miller, the dispatcher, opened the door and saw them in the car asleep.   Supposing them to be vagrants or hobos, he closed the door and fastened it, and when Wilkerson, the station agent, came to the depot Miller told him what he had done.   Wilkerson had previously instructed him if he found any hobos in the cars to fasten the door.   Wilkerson then telephoned to the sheriff to come down and get them.   The sheriff and deputy came.   Wilkerson went with them to the car, unlocked it, and said "There they are," and then immediately returned to the depot.   The sheriff and deputy took appellees in charge and placed them in jail, where they remained until next morning, Wednesday, when the county attorney went to the jail and told them that the justice of he peace was out of town and that no trial could be had before Saturday, but if they would pay a fine in one case he would dismiss the other, and that he would lend them the money to pay the fine.   To prevent lying in jail until Saturday, they accepted his proposition, got the money from him, and gave it to the deputy sheriff to pay the fine.   The justice's docket shows that on May 23, 1900, appellee Cope plead guilty to the offense of unlawfully boarding a freight train and was adjudged to pay a fine of $5 and costs, and that a similar charge against Parker was on the same day dismissed by the county attorney.   The arrests were made without warrants, and they told the officers they had money and were not vagrants, and that the officers had no right to arrest them for vagrants or hobos.   After starting with them to jail the deputy asked them how they got to Clarksville.   Upon being told they came on a

freight train, he said he would hold them for unlawfully riding on a freight train. They were musicians and made a living by playing around at different places. They were not vagrants.

It was not error for the court to instruct the jury that the detention and imprisonment of plaintiffs in the box car by defendant's agent was unlawful. Their being in the car, though wrongful, did not justify force in restraining them of their liberty.

Error is assigned to that portion of the court's charge which instructed the jury in effect that the defendant would be liable if its servants acted within the *apparent* scope of their authority in detaining plaintiffs in the box car, or in having them arrested and imprisoned. The contention is that in order to make defendant liable the agents must have acted within the real scope of their authority.

The general rule of agency is, that the principal is liable for all acts done by the agent or servant in the apparent scope of the agent's authority, or within the course of his employment. Whether this case is an exception to the general rule we deem it unnecessary to determine, as under our version of the evidence defendant's servants were acting within the scope of their authority. It is not shown that the agents had definite instructions to have arrests made, but this was not necessarily essential where they acted within the general scope of their employment.

Wilkerson testified: That he was the station agent for defendant at Clarksville in May, 1900, and as such the property and cars of the defendant were in his charge and he looked after them, for it was his duty as agent to protect defendant's property in Clarksville, including the cars upon the side track, from trespassers. "Under the terms of my employment this is required of me, and I had plaintiff arrested because I thought he was a trespasser upon the defendant, and to protect the defendant from trespassers, as by my said employment I was required to do. Yes, I did have plaintiff arrested. I did it because I found him in the empty car and thought him a trespasser. I had told the men who worked under me to lock the door on anyone they found in empty cars." This testimony is uncontradicted, and it shows they acted within the scope of their employment. That in exercising such authority they committed a tort does not relieve appellant of liability for the wrongful act. Railway v. Warner, 49 S. W. Rep., 254; Railway v. Anderson, 17 S. W. Rep., 1039; 12 Am. and Eng. Enc. of Law, 2 ed., p. 771, and note.

It was not error in the court directing the jury not to consider evidence as to "whether or not plaintiffs rightfully or wrongfully entered said box car or whether or not plaintiffs had been guilty of unlawfully riding upon a train of defendant prior to their arrest and imprisonment." It is insisted that such evidence was relevant for all purposes, and especially as bearing upon the extent of plaintiffs' damages, if any, and the amount of mental suffering caused them by said arrest and imprisonment. This contention is not tenable in view of the fact that no

punitory damages were sought or recovered. The arrest and imprisonment being unlawful, plaintiffs were entitled to recover all actual damages sustained by them.

Appellant complains of the refusal of the trial court to give the following requested instruction, viz: "If under the charges given you find from the evidence that the defendant, Texas & Pacific Railway Company, is liable for whatever its station agent, A. L. Wilkerson, may have done towards procuring the imprisonment of the plaintiff; and that said A. L. Wilkerson only requested the officers to take him in charge for the offense of being a vagrant, and after he was so taken in custody on said charge the officer changed the charge against plaintiff to that of unlawfully riding on a freight car, without the knowledge of the said Wilkerson, and thereafter held and imprisoned him on said last named charge, you will find in favor of the Texas & Pacific Railway Company as to any damages that may have been caused by such last named detention and imprisonment." It is urged that defendant's agent only requested that plaintiff be arrested as a vagrant, and that the officers prosecuted them for unlawfully riding on a freight car, and that defendant is not liable for the detention of plaintiffs to answer the charge of unlawfully riding on a freight car. The evidence fails to show on what charges the plaintiffs were arrested. The station agent said he had them arrested because he thought they were trespassers. When he telephoned to the officers he stated that he had "two hobos" and to come and get them, but when the officers came he merely pointed out the plaintiffs and no charge was specified. The riding on a freight train was as much a trespass upon defendant's property as getting into a box car, and as riding on a freight train was the only offense against the law of which the parties were guilty, the officers doubtless assumed the arrest was for that offense. In any event the imprisonment resulted from the act of the defendant's agent in having the unlawful arrest made, and the defendant is liable therefor.

The court refused a special charge to the effect that the judgment of conviction against W. A. Cope is conclusive against him in this case. Error is assigned upon this action of the court. We think the court, under the circumstances of the case, ruled properly. This action is for damages for illegally confining plaintiff in a car, for illegally causing him to be arrested without a warrant, and confining him in jail without carrying him before a magistrate. There is no evidence tending to show that any complaint or information was ever filed against him for any offense, nor that any warrant was ever issued for his arrest. None had been issued at the time of the illegal arrest. No presumption arises that any was ever issued, and giving to the judgment all the effect to which it is entitled, it does not relieve the defendant from the consequences of the illegal acts prior to its rendition. Upon the plea of guilty being entered, plaintiff was discharged and no damages accrued thereafter, nor was any awarded to plaintiff subsequent thereto. Plaintiff was entitled to recover the damages that accrued up to the time the plea of

guilty was entered, and the judgment was no bar to such recovery. Cabell v. Arnold, 22 S. W. Rep., 62.

Other assignments of error are presented, but we are of the opinion that they are not well founded. The evidence is sufficient to support the verdict, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.