## Louisville Railway Co. v. Hutti.

(Decided January 11, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

Street Railways—Payment of Fare Without Condition—Refusal to Pay—Grounds for Ejection.—The rule of the railway company was that conductors should issue and deliver transfer tickets when fares were paid. It is the duty of a passenger on a street car to pay his fare or tender it without condition. If thereupon the conductor refused to allow him to proceed upon the car and ejected him he had his demand for damages. The conductor had the right to demand the payment of the fare before either allowing him to continue on the car or issuing him a transfer ticket. The conductor was within his legal rights in demanding the payment of the fare first and refusing a conditional tender of it. When appellant refused either to pay or tender the fare unconditionally he had no right to remain on the car.

The whole court sitting.

FARLEIGH, STRAUS & FARLEIGH and HOWARD B. LEE for appellant.

EDWARDS, OGDEN &   PEAK for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellee took passage on one of appellant's street cars on Fourth street in Louisville. He wanted to transfer to another car going down Oak street. When approached for his fare on the Fourth street car he held out his hand containing the fare, a nickel, and offered to pay it, but demanded as a condition that he be then and there handed a transfer ticket. The rule of the company was that conductors should issue and deliver transfer tickets when fares were paid. The conductor did not refuse to give a transfer ticket. According to some of the witnesses he said that he would issue all transfers after he had collected all fares. According to other testimony, he said that he would issue the transfer to appellee after he had paid his fare. Appellee insisted that he had failed on previous occasions to get his transfer, as the car would pass Oak street before the conductor would pass through issuing transfer strips after he had finished collecting all fares. The conductor insisted upon payment of the fare. He did not refuse to give the transfer ticket, but insisted on the fare's being paid first. Appellee insisted on the transfer tickets being handed him simultaneously with the payment of the fare. The altercation between the conductor and the passenger maintained that form, appellee retaining his fare in his hand, but offering it upon the condition that the transfer ticket be then and there handed to him. The conductor stopped the car and told appellee to get off. He refused. The conductor then took hold of him and tried to put him off, but failed. A policeman was called by the conductor who arrested appellee on the conductor's complaint charged with disorderly conduct. He was fined in the police court. He thereupon instituted this proceeding against appellant for the assault upon him by the conductor, and for false arrest and imprisonment. Upon the disclosure of the foregoing facts the court struck out the cause of action based on the false arrest, as the judgment of the police court was conclusive of the existence of reasonable grounds therefor. The ruling was proper. Upon the other branch of

the case the circuit court overruled appellant's motion for a peremptory instruction, and submitted the question to the jury, who returned a verdict for appellee for $250 damages.

The ground of complaint on this appeal is the refusal of the trial court to grant appellant's motion for peremptory instruction. The propriety of the ruling depends on the nature of the contract to carry the passenger, and the rights of the parties upon its breach. It may be assumed that appellee was entitled to a transfer, under his contract, entitling him to continue his journey upon the Oak street car, provided the contract was consummated. But before he was entitled either to continue his passage on the Fourth street car, or to transfer to the Oak street car, he must first have paid, or tendered the necessary fare, which was five cents. He did not pay it. He tendered it, but tendered it conditionally, and from what he then said, and from his conduct as well, it is inferable that unless the conductor had complied with his demand to deliver simultaneously the transfer ticket, he would not have paid the fare tendered. In this appellee mis-conceived his right. It was his duty to pay his fare, or to tender it, without condition. If thereupon the conductor refused to allow him to proceed upon the car and ejected him he had his demand for damages. Or, if the conductor should have received his fare and have allowed him to remain on the Fourth street car, but failed to give him in time a transfer ticket entitling him to continue his journey on the Oak street car he was entitled to his damages, which would be the sum which he might have been compelled to pay on the Oak street car in order to complete his passage. But though the conductor wrongfully intended not to issue appellee a transfer slip, that did not entitle appellee to ride on the Fourth street car without paying the fare. The conductor had the right to demand the payment of the fare before either allowing appellee to continue upon the car or issuing him a transfer slip. The contract began only upon the payment or tender of the consideration. The acts could not well be simultaneous, at least are not required to be; one must precede, and that is payment. Possibly a more courteous and patient treatment and explanation by the conductor might have averted the trouble. But whether so or not, the conductor was within his legal rights in demanding the payment of the fare first, and refusing a conditional

tender of it. When appellee refused either to pay or tender the fare unconditionally, he had not the right to remain on the car. He had not the right to ride there without paying the fare. When requested to leave the car after it stopped for that purpose he was in the wrong in failing to do so, and it was lawful for the conductor to eject him, using no more force than was reasonably necessary for that purpose. It is not complained that the conductor used excessive force.

Under the facts shown the court erred in not granting appellant's motion for peremptory instruction.

Reversed, and remanded for proceedings consistent herewith.

The whole court sitting.