[Civ. No. 13258. First Dist., Div. One. Jan. 20, 1947.]

CHARLES B. COLLINS, Appellant, v. J. P. OWENS, Respondent.

714

Charles B. Collins in pro per. for Appellant.

Morse & Richards for Respondent.

PETERS, P. J.—The trial court sustained a general demurrer, with leave to amend, to plaintiff's complaint. Upon plaintiff's failure to amend, judgment of dismissal was entered against him. From that judgment and from the order sus-

taining the demurrer plaintiff appeals. The order is nonappealable, and the appeal therefrom is dismissed.

The complaint alleges that on February 22, 1945, at "the instance and instigation" of defendant, plaintiff was arrested at his place of business in Berkeley; that he was taken to the Hall of Justice in Berkeley and orally informed that he was arrested because he was intoxicated; that he protested his arrest and urged that he was not intoxicated; that in fact plaintiff was not drunk nor in a condition to warrant his arrest for intoxication; that his protests were overruled and he was incarcerated in the "drunk" cell; that on the afternoon of the next day plaintiff furnished bail and was released; that "on the following day a charge of misdemeanor was laid under the city ordinance"; that "plaintiff did not appear thereon and his bail money was thereupon forfeited"; that "defendant is not a peace officer, and the arrest was made at his direction and instigation without any warrant of arrest." The balance of the allegations relate to damages, both actual and punitive.

To this complaint defendant generally demurred. It is admitted that defendant interpreted the complaint as one for malicious prosecution and correctly argued that the complaint did not plead such a cause of action in that it fails to plead the determination of the criminal prosecution in favor of plaintiff, and fails to allege want of probable cause, both allegations being indispensable to a malicious prosecution action. (See cases collected 16 Cal.Jur. p. 744, § 13.) It was undoubtedly on this theory that the demurrer was sustained.

 On this appeal plaintiff argues, and the same contention was made in the lower court, that, although the complaint does not state a cause of action for malicious prosecution, it does state, as against a general demurrer, a good cause of action for false imprisonment. Plaintiff's contention is sound. When an arrest is made without legal process all that need be alleged to charge an unlawful arrest is the arrest without process, the imprisonment and the damage. These allegations appear in this pleading. Other irrelevant matters are also alleged, but, as against a general demurrer, they must be disregarded.

There are many cases discussing the elements of a cause of action for false imprisonment, and distinguishing between that action and one for malicious prosecution. In the early case of *Ah Fong* v. *Sternes*, 79 Cal. 30 [21 P. 381], a case that has frequently been cited with approval, it was specifically held in

a false imprisonment case that it is not necessary to allege malice or lack of probable cause, and that if any justification for the arrest exists it must be pleaded by the defendant as a defense. In *Neves* v. *Costa*, 5 Cal.App. 111 [89 P. 860], the court first distinguished between the two actions, and then held that it is not necessary in a false imprisonment case, as it is in a malicious prosecution action, to allege a determination of the criminal prosecution favorable to plaintiff. At page 117 the following appears:

"The provocation, motive and good faith of the defendant in an action for false imprisonment constitute no material element in the case and can be considered only where punitive or exemplary damages are asked, and then only as affecting the measure of such damages. On the other hand, malice and want of probable cause are the gist of the action for malicious prosecution. Without allegation and proof of both, the action will fail. [Citing an authority.]

"No one can recover damages for a legal arrest and conviction; therefore, in cases of malicious prosecution it becomes necessary to await the final determination of the action. But the same principle does not apply to an action for false imprisonment, as the form of action is based upon an illegal arrest and no matter *ex post facto* can legalize an act which was illegal at the time it was done. From this it will be seen that one of the essential elements of a complaint for malicious prosecution is that the proceeding upon which it is based has finally terminated in favor of the plaintiff, while it is equally apparent that this is not a necessary or proper allegation in an action for false imprisonment. [Citing two authorities.]" This holding is in accord with the overwhelming weight of authority. (See annotation, 25 A.L.R. 1518.)

In *Monk* v. *Ehret*, 192 Cal. 186 [219 P. 452], another leading case, the complaint was substantially similar to the one here under discussion, and, as in the instant case, alleged the reason for plaintiff's arrest. In holding that the complaint there involved stated a good cause of action, the court stated (p. 189):

"We are satisfied that the complaint states a cause of action for false imprisonment. It is not necessary to allege that the imprisonment was unlawful. [Citing five authorities.] . . .

"All of the elements essential to constitute a cause of action for false imprisonment are to be found in the complaint, segmentally appearing, it is true, but nevertheless existing. The

elements essential to constitute a cause of action for malicious prosecution are absent, to wit, an allegation of a want of probable cause for instituting the prosecution and an allegation that the proceedings terminated favorably to plaintiff. These elements are essential to an action for malicious prosecution. ˚[Citing an authority.] While it is true that the complaint contains allegations not necessary to a statement of a case of false imprisonment, and confessedly takes on the color of allegations usually found in actions for malicious prosecution, it is apparent upon its face that it was the purpose of the pleader acting in good faith to state a case of false imprisonment, and whatever of surplusage allegations there are to be found not necessary to a statement of said cause of action are to be disregarded. This is a general rule of pleading.''

The defendant does not challenge these rules but contends that, while normally all that need be alleged is the arrest and damage, in the present case plaintiff has pleaded facts which, as a matter of law, constitute a justification for the arrest or which require plaintiff to negative justification on the part of defendant. In this connection the allegations that two days after his arrest plaintiff was charged under the city ordinance, presumably with intoxication, that he had posted bail and that he did not appear on the charge and forfeited his bail, are referred to. Even if these facts amounted to an allegation that plaintiff had pleaded guilty to an intoxication charge, they would not constitute a defense or justification, as a matter of law, to the charge of false arrest.

Although the cases are in conflict, the great weight of authority is to the effect that while a plea or verdict of guilty is admissible on the trial on the basic issue of justification for the arrest or on the issue of damages, it is not conclusive, at least where the arrest is without a warrant. (*Larson* v. *Feeney,* 196 Mich. 1 [162 N.W. 275, L.R.A. 1917D 694]; *McCullough* v. *Greenfield,* 133 Mich. 463 [95 N.W. 532, 1 Ann.Cas. 924, 62 L.R.A. 906]; *Spain* v. *Oregon-Washington R. & Nav. Co.,* 78 Ore. 355 [153 P. 470, Ann.Cas. 1917E 1104]; *Palmer* v. *Maine Cent. R. Co.,* 92 Me. 399 [42 A. 800, 69 Am.St.Rep. 513, 44 L.R.A. 673]; *Oleson* v. *Pincock,* 68 Utah 507 [251 P. 23]; *Texas & P. Ry. Co.* v. *Parker,* 29 Tex.Civ.App. 264 [68 S.W. 831]; *Gold* v. *Campbell,* 54 Tex.Civ.App. 269 [117 S.W. 463]; *Crosswhite* v. *Barnes,* 139 Va. 471 [124 S.E. 242, 40 A.L.R. 54]; *contra, Erie R. Co* v. *Reigherd,* 166 F. 247 [92 C.C.A. 590, 16 Ann.Cas. 459, 20 L.R.A.N.S. 295; *Louisville Ry. Co.* v.

*Hutti,* 141 Ky. 511 [133 S.W. 200, 33 L.R.A.N.S. 867] ; *Holder* v. *St. Louis & S. F. R. Co.,* 155 Mo. App. 664 [135 S.W. 507] ; *Williams* v. *Brooks,* 95 Wash. 410 [163 P. 925] ; notes 20 L.R.A.N.S. 295; 16 Ann.Cas. 461; 1 Ann.Cas. 926.) The reason for the rule is obvious. A person may be guilty of an offense and may plead guilty thereto, but the arrest without a warrant may still be illegal.

But, says defendant, under the facts pleaded the arrest was made for intoxication which must have been in the presence of the defendant and the arresting officer, and plaintiff has failed to plead lack of reasonable grounds for making such arrest. Defendant concludes that lack of such allegation is fatal. The defendant's arguments misconceive the powers of an individual or police officer to arrest for a misdemeanor without a warrant. It is undoubtedly the law that neither a police officer nor an individual has the right without a warrant to arrest for a misdemeanor not committed in his presence. It is no justification, as it is in the case of a felony (Pen. Code, § 836), to prove reasonable grounds to believe that the offense has been committed—the only fact justifying such an arrest is that the person arrested in fact committed the offense in their presence. (See collection of cases 3 Cal. Jur. p. 117, § 4.)

Defendant's argument really amounts to the contention that it is necessary for a plaintiff in a false imprisonment case to allege that his arrest was unlawful. This may be the rule where the arrest is made pursuant to process, but it is not the law as applied to cases where the arrest is without a warrant. This point was discussed in *Peters* v. *Bigelow,* 137 Cal.App. 135, at page 138 [30 P.2d 450], as follows: "An examination of the authorities will reveal that in those cases where it was held that a necessary allegation in the complaint was one setting forth that the imprisonment was unlawful, the arrest was made pursuant to process, allegedly invalid. On the other hand, in those cases . . . where it was held that a mere allegation of imprisonment was sufficient, the arrest was made without process. The rule would seem to be that where without process an arrest is made, it is not necessary to allege that such arrest was unlawful; while if process was employed, the facts constituting the invalidity thereof must be set forth. In other words, if the act complained of is one, the mere stating of which, constitutes a trespass, it is manifestly illegal."

The fact that the complaint alleges that the defendant did not directly make the arrest but that such arrest was made by an officer at "the instance and instigation" or "direction" of defendant does not relieve defendant from legal responsibility if such arrest was unlawful. The defendant concedes that this is the law. Such concession is in accordance with the rule adopted in this state. (See cases collected 12 Cal.Jur. p. 434, § 6.)

The appeal from the order sustaining the demurrer is dismissed. The judgment appealed from is reversed.

Ward, J., and Schottky, J. pro tem. concurred.