Opinion
 

 ASHBY, J.
 

 Plaintiffs appeal from an order of dismissal entered after plaintiffs failed to file a third amended complaint following the sustaining of demurrers to the second amended complaint with leave to amend. (Code Civ. Proc., §§ 581, subd. 3; 581d.)
 

 
 *877
 
 The second amended complaint alleges four causes of action: (1) false arrest; (2) malicious prosecution; (3) negligence; and (4) defamation. There are three plaintiffs, Ramsden, Stettler and Northcutt. Defendant Bosack is alleged to be an employee and agent of defendant Western Union acting within the course and scope of his employment and agency. Defendants Konrad, Tangle, Fox, and Johnson are alleged to be officers, employees, and agents of defendant Civil Air Patrol, acting within the course and scope of said employment and agency.
 

 The first three causes of action are stated in the alternative. It is alleged that on July 9, 1973, defendants caused plaintiffs to be arrested and incarcerated by the Los Angeles Police Department without warrant on a felony charge “upon the false information and request of the Defendants, and each of them.” Defendants knew that the alleged felony “did not take place” but requested the arrest of plaintiffs and “insisted on continuing the prosecution of Plaintiffs” despite the fact that defendants “had knowledge that Plaintiffs were innocent of the charge for which they were arrested.” Prior to the arrest defendants were given information by plaintiffs and another individual employed by Western Union that established the innocence of plaintiffs, but defendants completely disregarded this information. (First cause of action—false arrest.)
 

 Defendants accused plaintiffs of violating Penal Code section 496 (receiving stolen property) and “insisted and directed” that plaintiffs be arrested, detained, charged, arraigned, and held for trial in municipal case No. 744871. On December 6, 1973, said criminal proceedings were finally terminated in favor of each of the plaintiffs by dismissal thereof on a motion by the People based upon lack of evidence. Defendants acted without reasonable or probable cause and acted maliciously in that they knew said accusation was false but continued to “prosecute” said action with the intent to vex plaintiffs. (Second cause of action—malicious prosecution.)
 

 Defendants “negligently accused” plaintiffs and “further negligently acted in causing the Plaintiffs” to be arrested, detained, charged, arraigned, and held for trial on the said charges, “in that they breached a duty of care which was owed to the Plaintiffs ... to determine the truthfulness of the information supplied them showing the innocence of Plaintiffs prior to accusing Plaintiffs of the commission of a crime. Further, once having received information showing the innocence of Plaintiffs, said Defendants breached their duty owned [j/c] to Plaintiffs
 
 *878
 
 by neglecting to take some affirmative action to have the criminal proceedings dismissed.” (Third cause of action—negligence.)
 

 As to these causes of action it is alleged that the acts of defendant Bosack were approved and ratified by defendant Western Union “in that Western Union through various other employees and agents, did conduct its own inquiry into the facts pertaining to the incidents complained of herein, did thereafter continue the employment of the Defendant, Paul Bosack, and did adopt the conduct and acts of Paul Bosack as its own.” It is further alleged that the acts of defendants Konrad, Tangle, Fox, and Johnson “were done with the prior consent and knowledge of the Defendant, Civil Air Patrol, and were approved and ratified by Civil Air Patrol, in that Civil Air Patrol, through various other employees and agents, did conduct its own inquiry into the facts pertaining to the incidents complained of herein, did thereafter continue the membership, employment, and agency of said individual Defendants, Konrad, Tangle, Fox and Johnson, did thereafter take action to demote and did demote at least one of the Plaintiffs herein, did nothing to discipline or reprimand said individual Defendants and did otherwise adopt the conduct and acts of Konrad, Tangle, Fox and Johnson as its own.”
 

 The fourth cause of action, for defamation, is limited to defendants Civil Air Patrol, Konrad, Tangle, Fox, and Johnson. It alleges that on July 18, 1973, and other various times these defendants orally and in writing published false and malicious statements that plaintiffs were guilty of violating Penal Code section 496 and that the commission of said crime constituted conduct unbecoming a member of the Civil Air Patrol.
 

 Various general and special demurrers were sustained as to the original complaint, first amended complaint, and the second amended complaint. Following the sustaining of demurrers to the second amended complaint with leave to amend, plaintiffs declined to amend, and the dismissal and this appeal followed.
 

 Discussion
 

 Defendants’ basic argument for upholding the order is that the second amended complaint fails to state facts sufficient to constitute a cause of action. In support of this argument, defendants also urge that we take judicial notice of an arrest report contained in the municipal court file of
 
 *879
 
 the criminal action in which plaintiffs were charged with receiving stolen property. It is urged that the arrest report sets forth “the real facts” concerning exactly what statements were made by which defendants and the extent of independent investigation by the authorities, and that therefore the complaint fails to state a cause of action “in that the averments are contrary to the facts as contained in the arrest report.” Defendants’ various contentions in this regard reflect a misunderstanding of the role of pleadings and demurrers in the litigation.
 

 On demurrer the complaint must be liberally construed with a view to substantial justice between the parties. (Code Civ. Proc., § 452.) A demurrer lies only for defects appearing on the face of the complaint or from matters of which the court must or may take judicial notice. (Code Civ. Proc., § 430.40.) On demurrer the allegations of the complaint are assumed to be true. A demurrer is simply not the appropriate procedure for determining the truth of disputed facts. It would be inappropriate for us to rely upon the arrest report for the purposes suggested by defendants. Although in ruling on a demurrer courts may take judicial notice of files in other judicial proceedings
 
 (Saltares
 
 v.
 
 Kristovich,
 
 6 Cal.App.3d 504, 510 [85 Cal.Rptr. 866]), this does not mean that they take judicial notice of the truth of factual matters asserted therein.
 
 (Beckley
 
 v.
 
 Reclamation Board,
 
 205 Cal.App.2d 734, 741 [23 Cal.Rptr. 428];
 
 People
 
 v.
 
 Long,
 
 7 Cal.App.3d 586, 591 [86 Cal.Rptr. 590].) As stated in
 
 Day
 
 v.
 
 Sharp, 50
 
 Cal.App.3d 904, 914 [123 Cal.Rptr. 918], “ ‘... There exists a mistaken notion that this means taking judicial notice of the existence of facts asserted in
 
 every document
 
 of a court file, including pleadings and affidavits. However, a court
 
 cannot
 
 take judicial notice of
 
 hearsay allegations
 
 as being true, just because they are part of a court record or file. A court may take judicial notice of the
 
 existence
 
 of each document in a court file, but can only take judicial notice of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments.’ ” (Italics in original.)
 

 The elements of a cause of action for false imprisonment are an arrest without legal process, imprisonment, and damages.
 
 (Collins
 
 v.
 
 Owens,
 
 77 Cal.App.2d 713, 715 [176 P.2d 372];
 
 Kaufman
 
 v.
 
 Brown,
 
 93 Cal.App.2d 508, 511 [209 P.2d 156].) Plaintiffs have pleaded these elements. The allegation that the arrest was without a warrant places the burden on defendants to plead and prove that the arrest was lawful.
 
 *880
 

 (Collins
 
 v.
 
 Owens, supra,
 
 at pp. 715, 718;
 
 Kaufman
 
 v.
 
 Brown, supra,
 
 at pp. 511, 512.)
 

 The fact that the arrest was made by Los Angeles police officers and not directly by defendants does not render them immune, because a party who “authorizes, encourages, directs or assists an officer to do an unlawful act, or procures an unlawful arrest, without process, or participates in the unlawful arrest or imprisonment, is liable.”
 
 (Kaufman
 
 v.
 
 Brown, supra,
 
 at p. 515;
 
 Collins
 
 v.
 
 Owens, supra,
 
 at p. 719;
 
 Miller
 
 v.
 
 Fano,
 
 134 Cal. 103, 104 [66 P. 183].) Plaintiffs’ allegations that the arrests were at the request and insistence of defendants were sufficient.
 
 (Collins
 
 v.
 
 Owens, supra.)
 

 The allegations were also sufficient to render Western Union and Civil Air Patrol liable, because the acts of the individual defendants were alleged to be within the course and scope of their employment and agency by Western Union and Civil Air Patrol. A principal is liable for false imprisonment by an agent or employee acting in the scope of his authority.
 
 (Kaufman
 
 v.
 
 Brown, supra,
 
 at p. 515;
 
 Peckham
 
 v.
 
 Warner Bros. Pictures, Inc.,
 
 36 Cal.App.2d 214, 220 [97 P.2d 472].) Whether plaintiffs will be able to establish the truth of these allegations is not now before us.
 
 (Kaufman
 
 v.
 
 Brown, supra.)
 

 Defendants prematurely rely upon the principle that a citizen who in good faith merely reports facts to the authorities and leaves it up to public officials to determine whether an arrest should be made is not liable if the information turns out to be mistaken or the arrest was not lawful.
 
 (Turner
 
 v.
 
 Mellon,
 
 41 Cal.2d 45, 48 [257 P.2d 15];
 
 Hughes
 
 v.
 
 Oreb,
 
 36 Cal.2d 854, 859 [228 P.2d 550];
 
 Gogue
 
 v.
 
 MacDonald,
 
 35 Cal.2d 482, 484-487 [218 P.2d 542, 21 A.L.R.2d 639].) The allegations in plaintiffs’ first two causes of action, which must be assumed to be true for purposes of demurrer, are to the contrary. It is alleged that defendants knew the information they gave to the police was false and knew that plaintiffs were innocent, but defendants nevertheless insisted upon the arrest. Such conduct would not be protected by the good faith privilege.
 
 (Miller
 
 v.
 
 Fano, supra,
 
 134 Cal. at p. 107.)
 

 In their second cause of action plaintiffs sufficiently alleged the elements of malicious prosecution: Institution of criminal proceedings at the instigation of defendants, termination of those proceedings favorable
 
 *881
 
 to plaintiffs, lack of probable cause, and malice.
 
 (Bulkley
 
 v.
 
 Klein,
 
 206 Cal.App.2d 742, 748, 750 [23 Cal.Rptr. 855].) Defendants again attempt to contradict the allegations of the complaint by impermissibly relying on alleged facts in the arrest report. In addition, defendant Bosack argues that the cause of action for malicious prosecution is inconsistent with the first cause of action for false arrest, and is even internally inconsistent because it incorporates by reference certain allegations of the first cause of action. (See
 
 Collins
 
 v.
 
 City and County of San Francisco,
 
 50 Cal.App.3d 671, 676-677 [123 Cal.Rptr. 525].) However, assuming that plaintiffs could not
 
 recover
 
 on both theories does not mean they may not plead both theories. Plaintiffs are entitled to plead inconsistent causes of action, and to submit to the trier of fact any theory which is supported by the evidence. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 294, p. 1968.)
 

 We turn now to plaintiffs’ third alleged cause of action, for negligence. In that cause of action it is alleged that defendants owed a duty to plaintiffs “to determine the truthfulness of the information supplied them showing the innocence of Plaintiffs prior to accusing Plaintiffs of the commission of a crime” and, once having received such information, “to take some affirmative action to have the criminal proceedings dismissed.” Plaintiffs cite no authority which supports recovery in these circumstances on a theory of negligence. Sound considerations of public policy lead to the conclusion that no such cause of action should be created. As indicated above, the courts have refused to allow recovery for false arrest or malicious prosecution where a citizen who reports information to the police makes an honest mistake.
 
 (Turner
 
 v.
 
 Mellon, supra,
 
 41 Cal.2d 45, 48.) This limitation upon recovery by persons wrongfully accused of crimes is made necessary by the public interest in encouraging citizens possessing information about crime to aid in law enforcement.
 
 (Turner
 
 v.
 
 Mellon, supra; Jaffe
 
 v.
 
 Stone,
 
 18 Cal.2d 146, 159 [114 P.2d 335, 135 A.L.R. 775];
 
 Norton
 
 v.
 
 Hines,
 
 49 Cal.App.3d 917, 922 [123 Cal.Rptr. 237].) Investigation and control of the criminal proceedings already begun “are the responsibility of the public employes who are skilled in that work and who are paid to perform it.”
 
 (Turner
 
 v.
 
 Mellon, supra,
 
 at pp. 48-49.) To allow recovery for negligéntly informing or failing to inform the police would defeat the important public policy considerations developed in connection with the tort of malicious prosecution.
 
 (Norton
 
 v.
 
 Hines, supra,
 
 at pp. 921-924.)
 
 [1]
 
 Further
 
 *882
 
 more, there is no need to create such a cause of action since plaintiffs’ remedies by way of actions for false arrest, malicious prosecution, and defamation are adequate for injuries of this type. We therefore hold that the third alleged cause of action failed to state facts sufficient to constitute a valid cause of action.
 
 [2]
 

 Defendant Civil Air Patrol contends that plaintiffs’ allegations concerning Civil Air Patrol’s ratification of acts of the individual defendants were insufficient because the mere failure of Civil Air Patrol to discipline or reprimand defendants Konrad, Tangle, Fox and Johnson, and the mere continuance of their membership in Civil Air Patrol, do not provide a basis for inferring ratification. However, the complaint also alleges that the individual defendants were officers, employees, and agents of Civil Air Patrol acting within the course and scope of said employment and agency, and additionally that the individual defendants acted “with the prior consent and knowledge of the Defendant, Civil Air Patrol.” These were certainly sufficient allegations to overcome a general demurrer by Civil Air Patrol.
 
 (Kaufman
 
 v.
 
 Brown, supra,
 
 93 Cal.App.2d at pp. 514-515.)
 

 Defendants Civil Air Patrol, Konrad, Tangle, Fox and Johnson contend that their demurrers for uncertainty were properly upheld. Although the complaint is not as specific as might be desired, we are satisfied that its allegations are sufficiently clear to apprise defendants of the issues to be met, and that any further clarification can be obtained by means of discovery.
 
 (Merlino
 
 v.
 
 West Coast Macaroni Mfg. Co.,
 
 90 Cal.App.2d 106, 108 [202 P.2d 748];
 
 Harman
 
 v.
 
 City and County of San Francisco,
 
 7 Cal.3d 150, 156-157 [101 Cal.Rptr. 880, 496 P.2d 1248];
 
 Dahlquist
 
 v.
 
 State of California,
 
 243 Cal.App.2d 208, 212-213 [52 Cal.Rptr. 324].)
 

 Finally, Western Union contends that in the prayer for relief plaintiff Ramsden seeks exemplary damages only against defendants Civil Air Patrol, Konrad, Tangle, Fox, and Johnson, whereas the prayers for exemplary damages by plaintiffs Stettler and Northcutt are not confined to any particular defendants. Although noting a concession in plaintiffs’ points and authorities in the trial court that punitive damages are not
 
 *883
 
 sought against Western Union, Western Union seeks a declaration that the complaint does not state sufficient facts to support a claim for punitive damages. We do not reach this issue, since it has been held that a prayer for relief is not subject to demurrer and the fact that a plaintiff has requested exemplary damages to which he may not be entitled does not affect the sufficiency of his complaint.
 
 (Moropoulos
 
 v. C.
 
 H. & O. B. Fuller Co.,
 
 186 Cal. 679, 688 [200 P. 601].)
 

 The order of dismissal is reversed and the cause remanded for further proceedings consistent with the views expressed in this opinion.
 

 Kaus, P. J., and Hastings, J., concurred.
 

 [1]
 

 Failure to inform the police of subsequently learned facts establishing plaintiffs’ innocence would be relevant evidence of malice, but is insufficient by itself to justify recovery on a negligence theory.
 

 [2]
 

 Plaintiffs contend that the trial court actually overruled defendant Western Union’s demurrer to the third cause of action, and that therefore the trial court erred in dismissing the complaint in its entirety as to Western Union. Since we hold no cause of action was stated, any such error was harmless. (Code Civ. Proc., § 906.)