[No. B040281. Second Dist., Div. Three. Mar. 9, 1990.]

LARRY WAYNE COTE, Plaintiff and Appellant, v.
VIVIANNA HENDERSON, Defendant and Respondent.

COUNSEL

LeBell & Silverman, Richard M. LeBell and Jay A. Siegel for Plaintiff and Appellant.

Fred Browne and Greg M. Kane for Defendant and Respondent.

OPINION

DANIELSON, Acting P. J.—Larry Wayne Cote (plaintiff) appeals from a judgment (order of dismissal) based on the sustaining of a demurrer by Vivianna Henderson (defendant) to the first amended complaint without leave to amend.

We affirm the judgment.

PROCEDURAL AND FACTUAL STATEMENT

On March 24, 1988, plaintiff filed a verified complaint against defendant for malicious prosecution and intentional infliction of emotional distress.

Following a hearing on July 15, 1988, defendant's demurrer to the entire complaint was sustained with leave to amend.

On August 15, 1988, a verified first amended complaint was filed. The first cause of action for intentional infliction of emotional distress alleged: From December 27, 1985 through June 11, 1987, defendant falsely accused plaintiff of committing criminal acts against her by reporting to the police and to the district attorney that plaintiff had forced her to engage in nonconsensual sexual intercourse, sodomy, and oral copulation. Defendant also falsely denied that plaintiff was the father of her child, claiming, instead, that Walter Fancher, whom she later married, was the father.

The second cause of action for malicious prosecution alleged:

From October 1985 through December 1985 defendant and plaintiff engaged in intimate relations on a regular basis. On December 23, 1985, defendant informed plaintiff her pregnancy test was negative, and the two went out to celebrate that fact that evening. They later returned to plaintiff's residence, and defendant left the following morning.

On or about December 27, 1985, defendant reported to the police that on or about December 23, 1985, plaintiff had imprisoned her and forced her to engage in nonconsensual sexual intercourse, sodomy, and oral copulation.

On or about January 9, 1986, the district attorney filed an eight-count felony complaint (No. A 704515) against plaintiff based on the above false accusations. Plaintiff was then arrested and spent three days in jail.

It was further alleged at paragraph 16 that: "On or about June 11, 1987, plaintiff reached a favorable termination of the charges against him when, upon motion of the District Attorney, and in the interests of justice, the Court dismissed seven false charges (including rape and sodomy) upon a plea of no contest to Penal Code Section 243.4 (sexual battery). Said plea constituted a favorable termination because (1) plaintiff entered said no contest plea bargain upon stating for the record there was no factual basis for the plea, (2) the Court, District Attorney and defendant . . . agreed there would be no sentence other than three years probation (3) the District Attorney admitted that there would be a difficulty in proving the charges and (4) without admitting that plaintiff committed any crime, all remaining charges were dismissed."

On October 24, 1988, defendant filed a request for the trial court to order delivered to it, for the purpose of taking judicial notice, the files in the cases of "Superior Court of Los Angeles County North Valley Branch, (SF) Case Number: A 704515 [and] Superior Court of Los Angeles County North Central Branch (Burbank) Case Number: NC C CF 000186 (B)."

On November 15, 1988, defendant filed a demurrer along with a motion to strike the first amended complaint. The demurrer to the cause of action for malicious prosecution was based on the ground, inter alia, that no such cause of action was stated, because plaintiff "was convicted on or about April 27, 1987 by entering a plea of *nolo contendere* (guilty) to a violation of Penal Code [section] 243.4 [, subdivision] (a) [sexual battery], a *felony,* a fact demonstrable through judicial notice."

The demurrer to the cause of action for intentional infliction of emotional distress was based on the grounds that (1) "the perpetrator of a felony has no cause of action for distress caused him in defending charges brought upon probable cause. The victim of a crime has an absolute privilege, even the duty to inform the authorities. Likewise, the victim of a rape has no duty to advise the rapist of a subsequent pregnancy"; and (2) "judically [*sic*] noticeable facts that [plaintiff] was denied parental rights and that sole legal

custody of the child was awarded to defendant operate as a bar to [plaintiff's] attempt to relitigate his parental status or any rights thereunder."

In his opposition filed December 6, 1988, plaintiff took the position, inter alia, that he had stated a cause of action for malicious prosecution, because the first amended complaint alleges "a favorable termination and states therein the reasons why this termination was favorable [at paragraph 16]." Plaintiff also argued that he stated a cause of action for intentional infliction of emotional distress, because seven of the eight criminal charges had been dismissed; there are no facts to show plaintiff was a rapist; and adjudication of parental rights in another action does not bar a cause of action for intentional infliction of emotional distress based on an allegation that defendant caused criminal charges to be filed against plaintiff for the purpose of denying him parental rights.

On December 13, 1988, following a hearing, the court sustained the demurrer to the first amended complaint without leave to amend and placed the motion to strike off calendar. An order of dismissal of the first amended complaint was subsequently filed.

## ISSUES PRESENTED

Plaintiff makes three basic assignments of error: (1) the court erred in taking judicial notice of "allegations, hearsay statements and disputed facts reflected in the exhibits, transcript, and attached reports in the two underlying [c]ourt files . . ."; (2) the court erred in concluding no cause of action for malicious prosecution was stated; and (3) the court erred in concluding no cause of action for intentional infliction of emotional distress was stated.

We find no error, and reject plaintiff's contentions.

## DISCUSSION

### I. *Matters Judicially Noticed*

Plaintiff asserts that it is error for the court to take "judicial notice of the truth of factual matters such as arrest reports, probation and sentencing reports as well as psychiatric reports." (See *Ramsden* v. *Western Union* (1977) 71 Cal.App.3d 873, 879 [138 Cal.Rptr. 426].)

We have no quarrel with plaintiff's recitation of law. However, nothing in the record on appeal, which consists of the clerk's transcript only, reflects that the court improperly took judicial notice of anything in the court files

in question. As to matters on which the record is silent, all intendments and presumptions are indulged on appeal in favor of the correctness of the trial court's actions. (See, e.g., *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) Plaintiff has failed to carry his burden of producing a record that would overcome those presumptions, i.e., a record of the oral proceedings on December 13, 1988. (*Weiss* v. *Brentwood Sav. & Loan Assn.* (1970) 4 Cal.App.3d 738, 746 [84 Cal.Rptr. 736].) Accordingly, we reject his claim of error.

## II. *No Cause of Action Stated for Malicious Prosecution*

■ The elements of a cause of action for malicious prosecution are that: (1) the prior action was commenced by or at the direction of the defendant and was pursued to a legal termination in the plaintiff's favor; (2) it was brought without probable cause; and (3) was initiated with malice. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].)

■ The dispositive issue here is whether the first element has been met, i.e., was the prior action pursued to a legal termination in the plaintiff's favor? We have reviewed the record[1] and applicable law and we conclude that element has not been met and cannot be met.

■ "A demurrer lies only for defects appearing on the face of the complaint or from matters of which the court must or may take judicial notice. [Citation.]" (*Ramsden* v. *Western Union, supra*, 71 Cal.App.3d at p. 879.) "'A court may take judicial notice . . . of the truth of facts asserted in documents such as orders, findings of fact and conclusions of law, and judgments.'" (*Day* v. *Sharp* (1975) 50 Cal.App.3d 904, 914 [123 Cal.Rptr. 918].)

■ The record contains the following evidence of which this court takes judicial notice (Evid. Code, § 459):

On January 9, 1985, a nine-count felony complaint was filed by the district attorney charging plaintiff with three violations of Penal Code[2] section 289, subdivision (a) (sexual penetration by a foreign object by force); one violation of section 288a, subdivision (c) (oral copulation); one violation

---

[1] On November 20, 1989, this court granted the defendant's motion to augment the record. On December 18, 1989, we granted defendant's motion to take judicial notice of the documents appended to the motion.

[2] All further section references are to the Penal Code unless otherwise indicated.

of section 286, subdivision (c) (sodomy by force); two violations of section 261, subdivision (2) (forcible rape); one violation of section 236 (false imprisonment); and one violation of section 243.4 (sexual battery).

On May 12, 1986, at the conclusion of the arraignment hearing, the magistrate found there was sufficient cause to believe plaintiff committed the violations alleged above, except for the violation of section 289, subdivision (a) alleged in count III.

Later that date, an eight-count information was filed against plaintiff in which he was charged with the above violations, except the one in count III of the complaint.

On April 27, 1987, plaintiff pleaded nolo contendere to the violation of section 243.4, subdivision (a) (sexual battery) charged in count VIII of the information. The remaining counts were dismissed in the furtherance of justice on the People's motion.

On June 11, 1987, the court placed defendant on formal probation for three years on the condition, inter alia, that he not associate with victim, defendant here, and that he cooperate with the probation officer in a plan for rehabilitation.

From the foregoing we find, as a matter of law, that defendant cannot show that the prior criminal proceeding resulted in a termination in his favor.

The plea of nolo contendere is considered the same as a plea of guilty. Upon a plea of nolo contendere the court shall find the defendant guilty, and its legal effect is the same as a plea of guilty for all purposes. (§ 1016, subd. 3.) It negates the element of a favorable termination, which is a prerequisite to stating a cause of action for malicious prosecution.

The allegation in paragraph 16 of the first amended complaint that "plaintiff entered said no contest plea bargain upon stating for the record there was no factual basis for the plea" cannot and does not alter the legal effect of his plea of nolo contendere and is disregarded.

The allegation in paragraph 16 that dismissal of the remaining seven charges constitutes a favorable termination is also without merit.

We hold, as a matter of law, that the favorable termination which is essential to the plaintiff in a malicious prosecution action cannot be based on the dismissal of the criminal charges remaining after the defendant in a criminal proceeding has entered a plea of nolo contendere to one or more of the charges in the accusatory pleading pursuant to a plea bargain.

As our Supreme Court has stated, in analyzing the essential qualities of a favorable termination, "It is not enough . . . merely to show that the proceeding was dismissed. The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and unfounded charge of crime against an innocent person. If the accused were actually convicted, the presumption of his guilt or of probable cause for the charge would be so strong as to render wholly improper any action against the instigator of the charge. The thought has also been expressed that the tort action under such circumstances would involve a collateral attack on the criminal judgment. Hence, if the criminal proceeding goes to trial, it is ordinarily necessary, as a foundation for a malicious prosecution suit, that the plaintiff should have been acquitted. (See generally, Prosser on Torts, p. 867; Harper on Torts, p. 584.) The same fundamental theory is applied in testing a dismissal or other termination without a complete trial on the merits. If it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination. . . . The distinction is summed up in *Halberstadt* v. *New York Life Ins. Co.* [(1909) 194 N.Y. 1 (86 N.E. 801)] as follows: '. . . Where a criminal proceeding has been terminated in favor of the accused by judicial action of the proper court or official, in any way involving the merits or propriety of the proceeding; or by a dismissal or discontinuance based on some act chargeable to the complainant, as his consent or his withdrawal or abandonment of his prosecution,—a foundation in this respect has been laid for an action of malicious prosecution. The other and reverse rule is that, where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor, or as the result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action. The underlying distinction which leads to these different rules is apparent. In one case the termination of the proceeding is of such a character as establishes or fairly implies, lack of a reasonable ground for his prosecution. In the other case no such implication reasonably follows.'" (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150-152 [114 P.2d 335, 135 A.L.R. 775]; see also, *Bealmear* v. *So. Cal.*

*Edison Co.* (1943) 22 Cal.2d 337, 339 [139 P.2d 20] (probable cause existed where plaintiff was convicted in original complaint, albeit the conviction was reversed on appeal and the amended complaint was dismissed for lack of sufficient evidence).)

In the present case dismissal of the remaining seven counts on the People's motion does not give rise to the requisite inference that plaintiff was innocent of the charged offenses. Instead, such dismissal was the result of a plea bargain, an agreement or settlement between plaintiff here, who was the defendant in the criminal case, and the People. Plaintiff agreed to plead nolo contendere to one count and the People agreed to dismiss the remaining seven counts. ■ As such, the dismissal of the remaining criminal charges was of a procedural nature rather than on the merits or reflecting the accused's innocence. In a plea bargain situation a defendant benefits by obtaining a lesser sentence and by his plea of guilty or nolo contendere avoids the hazard of a more severe penalty if he were convicted on more of the charges. The state benefits by avoiding the cost of a time consuming trial, by increased efficiency in the criminal procedure, by lessening the burden on the court system and by achieving a more flexible criminal process. (*Hoines* v. *Barney's Club, Inc.* (1980) 28 Cal.3d 603, 612-613 [170 Cal.Rptr. 42, 620 P.2d 628, 26 A.L.R.4th 229].)

■ The allegations in paragraph 16, that "the District Attorney admitted that there would be . . . difficulty in proving the charges" and that seven charges were dismissed without plaintiff "admitting [he] committed any crime" do not change the nature of the dismissal, which does not support an inference of innocence. (Cf. *Paramount General Hospital Co.* v. *Jay* (1989) 213 Cal.App.3d 360, 368-370 [261 Cal.Rptr. 723] (favorable termination of severable causes of action in a civil action allows claim for malicious prosecution thereof).)

Finally, we point out that the allegation in paragraph 16 that there was a favorable termination, because "the Court, District Attorney and defendant . . . agreed there would be no sentence other than three years probation" is of no comfort to plaintiff. In order for the court to have sentenced plaintiff to serve three years of formal probation plaintiff must first have been found guilty, which is inconsistent with the requirement that the proceeding reflect plaintiff's innocence.

III. *No Cause of Action Stated for Intentional Infliction of Emotional Distress*

■ "The elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) outrageous conduct by the defend-

ant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. [Citations.] Whether treated as an element of the prima facie case or as a matter of defense, it must also appear that the defendants' conduct was unprivileged. [Citations.]" (*Fletcher* v. *Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 394 [89 Cal.Rptr. 78, 47 A.L.R.3d 286].)

■ We have reviewed the record and it is clear that plaintiff has failed to show and cannot show that defendant's alleged acts were "outrageous."

First, the fact that the committing magistrate found that there was sufficient cause to believe that plaintiff in this action, who was the defendant in the criminal case, was guilty of the charged offenses, and ordered that he be held to answer to the same, establishes, as a matter of law, that defendant in this action had good and sufficient cause to report plaintiff's conduct to the police and the district attorney.

Second, we hold that defendant was absolutely privileged in reporting to the police and the district attorney the acts which she complained plaintiff committed on her person and against her will. (Civ. Code, § 47, subd. 2; *Ribas* v. *Clark* (1985) 38 Cal.3d 355, 364 [212 Cal.Rptr. 143, 696 P.2d 637, 49 A.L.R.4th 417]; see also, *Ball* v. *Rawles* (1892) 93 Cal. 222, 236 [28 P. 937]; *Forro Precision, Inc.* v. *Intern. Business Machines* (9th Cir. 1984) 745 F.2d 1283, 1284, at fn. 1.)

Third, we find that no actionable wrong arises from the alleged fact that defendant denied plaintiff was the father of her child under the circumstances of this case. In the civil prior action commenced by plaintiff against defendant to establish parental rights over the child (No. NC C CF 000186 (B)) the court denied plaintiff such rights, and made the following express findings of fact and restraining orders:

"It seems to me that it would be terribly inappropriate for a woman to have been molested, abused, raped—and I will accept the fact that those things did happen from the report—and then to give birth to a child, and then that the courts or society demands that she share that child with the person that treated her with total disregard of herself as a person. I can't imagine that any court, any court in the land, would allow a relationship to persist where somebody has been so totally violated. This court would not even think of it. [¶] There are certain rights that you have inherent in this world and one is to father or mother your child, but not when that child has been the result of the mother being violated in such a brutal manner. . . .

I'm going to give restraining orders. There is to be no contact, no telephone calls. There will be no contacting, molesting, attacking, striking, threatening, sexually assaulting, battering or disturbing the peace and quiet of the minor child, Nicole, or her mother or stepfather; her mother, Vivianna Henderson, aka Vivianna Fancher."

We hold that where, as here, the victim of a sexual offense bears a child by her attacker, the victim owes no duty to inform the attacker that he is the father of that child in order for him to establish parental rights. (See, e.g., *County of San Luis Obispo* v. *Abalone Alliance* (1986) 178 Cal.App.3d 848, 865 [223 Cal.Rptr. 846].)

### DECISION

The judgment (order of dismissal) is affirmed. Defendant's request for sanctions is denied.

Arabian, J., and Croskey, J., concurred.