Filed 12/22/23  P. v. Hohmann CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT CHARLES HOHMANN,<br><br>        Defendant and Appellant. | A167916<br><br><br>(Napa County<br>Super. Ct. No. 19CR003338) |

Robert Charles Hohmann pled no contest to sexually abusing his stepdaughter, and the trial court sentenced him to 20 years in prison.  His appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) raising no legal issues and asking this court to independently review the record.  Hohmann submitted two letter briefs.  Neither his contentions nor our independent review of the record reveals any arguable issue warranting relief or further briefing, so we affirm the judgment, but we remand the matter for the clerk to correct a clerical error in the abstract of judgment.

## BACKGROUND

Hohmann married Ashley L. in 2012.  Ashley had a daughter at the time (Jane Doe), and after she and Hohmann married, they had two children together.  Hohmann began to sexually abuse Jane Doe when she was 12 or

1

13 years old. The abuse continued intermittently until Doe was 17. In 2018, when Doe was 17, Hohmann moved to New York. Later, Ashley, their two children, and Doe joined him. They all returned to Napa in 2019. Later that year, Doe disclosed the abuse. Hohmann was arrested. He admitted having kissed and engaged in genital touching, digital penetration, and later oral sex with Doe from when she was 12 or 13 until she was 17 years old. He claimed she had come on to him.

The prosecution charged Hohmann with nine felony counts—four counts of forcible lewd acts on a child (Pen. Code, § 288, subd. (b)(1); undesignated statutory citations are to this code), one of aggravated sexual assault of a child by oral copulation (§ 269, subd. (a)(4)), and two each of forcible oral copulation of a minor age 14 or over (§ 287, subd. (c)(2)(C)) and sexual penetration by foreign object of a minor age 14 or over (§ 289, subd. (a)(1)(C)). Most of the counts involved force, duress or fear, and they carried a potential total sentence of 95 years to life. Shortly before the preliminary hearing date, the parties informed the court they had reached a plea bargain, the prosecution sought to file a second amended complaint, and Hohmann wished to bring a motion to replace his counsel. (See *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).)

The trial court held a *Marsden* hearing. Hohmann said he had never felt confident in or comfortable with his public defender, and the nature of the case led him to prefer a male attorney. Asked what his attorney should have done differently, he said she declined to use information about his story in plea negotiations. He emphasized he had not used force or coercion on Doe, had "tried to escape" the situation by moving to New York, and should thus be able to get a sentence of less than the 20 years provided by the plea bargain.

His attorney detailed her representation. She had told Hohmann that a coercion defense was not viable, and she had declined to forward his self-justifying letters to the prosecution. During plea negotiations, she had persuaded the prosecutor to agree that Hohmann need not plead to charges involving force or duress. A few days before the *Marsden* hearing, she visited Hohmann. The prosecution's offer was set to expire soon, and Hohmann asked her to request the removal of charges involving conduct before Doe turned 14. At the same time, he told her he would take the deal in any event to ensure a 20-year sentence. She made the request. The prosecutor declined it. When she informed Hohmann of that fact, he sought a *Marsden* hearing.

The trial court denied the *Marsden* motion and took Hohmann's plea. He confirmed he understood the consequences of his plea as listed in the plea form and the rights he was waiving. The court found a valid waiver. Hohmann pled no contest to four counts newly added by the second amended complaint: continuous sexual abuse of a minor (§ 288.5, subd. (a)), oral copulation of a person under 14 (§ 288a, subd. (c)(1)), assault on a minor with intent to commit a sexual offense (§ 220, subd. (a)(2)), and sexual battery (§ 243.4, subd. (a)). The parties stipulated the police report provided a factual basis for the plea.

At sentencing in May 2020, Hohmann waived his right to be sentenced by the judge who had taken his plea. The prosecutor read a victim impact statement by Doe. Ashley made an oral statement condemning Hohmann. Thanking her for her statement, the trial court said, "I know that wasn't easy" and expressed empathy for her family. Hohmann read a statement. He said he did not think he was being "punished justly" given the true circumstances, but he had entered a plea in hopes of someday being in his children's lives. The court thanked him for his statement. Alluding to

3

Hohmann's *Marsden* motion, the court noted that, given his admissions to law enforcement, there had been "not much any lawyer could do" for him.

The trial court imposed the 20-year sentence set forth in the plea bargain. It comprised a 12-year midterm on the continuous sexual abuse count and consecutive terms of 2 years, 5 years, and 1 year, respectively, for oral copulation, assault with intent to commit a sexual offense, and sexual battery. (The latter terms are one third the midterms for oral copulation and sexual battery and a full lower term on the assault count.) The court noted the aggregate term was 20 years and added, "It is considered a violent strike." It waived fines and fees or imposed minimal ones, and it ordered victim restitution.

Hohmann's trial attorney did not file a notice of appeal. After unsuccessfully seeking relief in federal court, he petitioned this court in propria persona for a writ of mandate or habeas corpus (case No. A166270). We gave notice of our intent to issue a writ directing the trial court to treat his petition as a timely notice of appeal and to process the appeal. The trial court filed the petition as a notice of appeal and issued a certificate of probable cause. (§ 1237.5.) We dismissed the writ petition as moot.

After Hohmann's appellate counsel filed a *Wende* brief, he submitted two letters with contentions for us to consider.

## DISCUSSION

*Wende* requires this court to review the entire record when appointed counsel submits a brief raising no specific issues. (*Wende, supra*, 25 Cal.3d at p. 441.) If an appellant personally submits a brief raising contentions for us to consider, we must identify them and, if they do not justify relief or further briefing, explain why. (*People v. Kelly* (2006) 40 Cal.4th 106, 120–121 (*Kelly*).)

4

We have carefully reviewed Hohmann's letter briefs. They do not raise an arguable issue. For example, he contends his trial attorney's failure to file a notice of appeal entailed ineffective assistance of counsel, denied him due process, and subjected him to cruel and unusual punishment in the form of several years spent in prison, unable to pursue an appeal. He suggests relief could take the form of a reduction of his sentence by making its terms concurrent or "taking the violent strike off." (Underscoring omitted.) But Hohmann has already secured relief averting any prejudice due to the lack of a notice of appeal: At our direction, the trial court treated his writ petition as such a notice, and his appeal has proceeded to disposition. This opinion affirms his sentence, so any delay was not prejudicial. (*People v. Sylvia* (1960) 54 Cal.2d 115, 125; *In re Christopher S.* (1992) 10 Cal.App.4th 1337, 1342.) Delay of an unmeritorious appeal cannot amount to cruel and unusual punishment or entitle a prisoner to relief from a lawful sentence. (See *People v. Hill* (1992) 3 Cal.4th 959, 1014–1016.)

Hohmann raises other issues, but they lack merit. He claims the threat of a 90-year sentence coerced him to plead no contest to "things that never happened," but a prosecutor may rely on the risk of a long sentence to induce a defendant to enter a plea for a shorter one. (*People v. Jurado* (2006) 38 Cal.4th 72, 98.) Nor did the prosecutor thereby engage in "malicious prosecution." That doctrine applies only in civil actions when a case has terminated favorably to the defendant. (*Cote v. Henderson* (1990) 218 Cal.App.3d 796, 803–804.)

Hohmann next asserts that putting him in a courtroom with "a female judge, female prosecutor and female public defender" would have meant a life sentence, and complains Ashley denounced him at his sentencing and the female judge took "her side," but he cites no evidence of gender bias.

5

(Cf. *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 568 [noting impropriety of argument presuming bias].) The trial court did not adopt Ashley's harsh words, and its brief expression of empathy for her and her family did not create an appearance of bias. (*People v. Chatman* (2006) 38 Cal.4th 344, 364.) Hohmann also contends his "female public defender" did not want to help him secure a lesser sentence, but the court properly denied his *Marsden* motion. He has identified no way in which his attorney became embroiled in irreconcilable conflict with him or provided inadequate representation in negotiating his plea bargain or representing him at sentencing. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085.)

Hohmann also contends it was improper and contrary to his understanding to make the terms of his sentence consecutive. He states they should run concurrently because they all involve "sexual assault." But section 669 gave the court discretion to make the terms consecutive, and he has shown no abuse of that discretion. (*People v. Lopez* (2022) 76 Cal.App.5th 287, 291.) Nor can he rely on a misunderstanding. In taking his plea, the court noted "the total is 20 years in state prison" and asked if he understood; he said he did. To seek relief on a theory he did *not* understand that point, he would have had to move to withdraw his plea based on a mistake. (§ 1018; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415.) He did not do so. He thus forfeited the claim. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413.)

Hohmann complains that his sentence counts as a violent strike even though Doe alleged no violence. But the Legislature has categorically defined two of the offenses to which he pled no contest as "violent felonies." (§ 667.5, subd. (c)(5), (16).) He notes Doe did not appear in court, but the Confrontation Clause does not apply at a noncapital sentencing hearing. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754.)

6

Finally, Hohmann claims misconduct by Ashley and the Napa County Sheriff's Department involving publicity—but none that is relevant to whether the trial court erred in taking his plea and sentencing him.

We have reviewed the record[1], both independently and in light of Hohmann's contentions, in accord with our obligations under *Wende* and *Kelly*. We find no arguable issues on appeal. We will remand, however, for the clerk to correct one error in the abstract of judgment: In section 13, the third Victims Compensation Board claim number should be "A20-791398<u>1</u>."

## DISPOSITION

The judgment is affirmed. The clerk of the court is directed to prepare an amended abstract of judgment correcting the third Victims Compensation Board claim number in section 13 to "A20-7913981" and to forward a certified copy to the Department of Corrections and Rehabilitation.

---

[1] Hohmann has submitted documents showing his rehabilitative efforts and good conduct in prison. While his efforts are commendable, they do not entitle him to relief from his lawful sentence.

_____

STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

MILLER, J.

*People v. Hohmann* (A167916)

8